# 95 DTA 92

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VI
DE CAGUAS/HUMACAO/GUAYAMA
PANEL I**

JUDITH CANDELARIO GONZALEZ
Apelante

v.

DR. RAFAEL CABALLERO TORRES, ET AL
Apelado

Núm. KLAN-95-00075

San Juan, Puerto Rico, a 2 de junio de 1995

Panel integrado por su presidente, Juez señor Amadeo Murga
y los Jueces señora Pesante Martínez y señor Rivera Pérez

Pesante Martínez, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

**I**

El 31 de octubre de 1994 el Tribunal de Primera Instancia, Sala Superior de Guayama, dictó sentencia en la cual desestimó y archivó con perjuicio la demanda presentada por Judith Candelario González contra el Dr. Rafael Caballero Torres, su esposa y el Hospital Lafayette. Dicha desestimación, en virtud de la Regla 39.2 Procedimiento Civil,-32 L.P.R.A., Ap III

obedeció a que la demandante, en reiteradas ocasiones, incumplio con las órdenes del Tribunal, exhibió un alto grado de desinterés y una falta de diligencia en la tramitación del pleito. No conforme con tal determinación acude ante nos.

Examinado detenidamente todo el tracto procesal en el presente caso se revoca la sentencia del Tribunal de Primera Instancia, Sala Superior de Guayama.

## II

El 8 de noviembre de 1993 la demandante-apelante presentó demanda por impericia médica contra el Dr. Rafael Caballero Torres y su esposa, el Hospital Lafayette y varias compañías de seguros. Los co-demandados apelados, el Dr. Caballero y el Hospital Lafayette, oportunamente contestaron la demanda. En febrero de 1994 la representación legal de la demandante remitió interrogatorios al Dr. Caballero. El 8 de marzo el demandado Caballero objetó varias preguntas contenidas en el interrogatorio. Como resultado de ello el Tribunal emitió una orden para que las partes se reunieran, discutieran dichas objeciones e intentaran resolverlas. Pese a que el licenciado Edwin Castillo Martínez, abogado de la demandante-apelante, fue debidamente notificado de dicha orden, éste no compareció a la reunión ni se excusó. Posteriormente la representación legal del Dr. Caballero presentó una moción en la cual solicitó que se eliminaran las alegaciones contenidas en la demanda de conformidad con la Regla 34.2 (b) de Procedimiento Civil.█ El Tribunal emitió una resolución y solicitó del Lcdo. Castillo Martínez que replicara a la moción presentada por el demandado. Nada hizo ni alegó el Lcdo. Castillo. Igual desinterés exhibió con relación a los trámites y gestiones que se le requirieron por parte de otro de los co-demandados, el Hospital Lafayette.

El 12 de abril de 1994 la representación legal del Hospital Lafayette le notificó un pliego de interrogatorios a la parte demandante. Estos no fueron contestados.

El 23 de marzo el Hospital presentó una moción en la cual le solicitó al Tribunal que al amparo de la Regla 34.1 de Procedimiento Civi█ le ordenara a la parte demandante que contestara el interrogatorio dentro del término perentorio de diez (10) días. Solicitó además, que le apercibiera que de no cumplir con dicha orden se exponía a que le impusieran las sanciones dispuestas en la Regla 34.2 de Procedimiento Civil, que entre otras, incluye la desestimación de la demanda. Dicha moción, como todas las demás, le fue notificada al Lcdo. Castillo. El 31 de mayo el tribunal declaró con lugar la moción y en su consecuencia ordenó que la demandante contestara el interrogatorio que le fuera notificado el 12 de abril de 1994 dentro del término perentorio y final de diez (10) días. Además le apercibió que el incumplimiento de la orden daría lugar a las sanciones dispuestas en la Regla 34.2 de Procedimiento Civil. La orden le fue notificada al Lcdo. Castillo Martínez. Nuevamente nada hizo ni alegó el abogado. Así las cosas, el 29 de junio el abogado del Hospital presentó una moción en la cual solicitó que se eliminaran las alegaciones contenidas en la demanda. El Tribunal emitió una orden donde le requirió a la demandante a que en un plazo de cinco (5) días acreditara haber contestado el interrogatorio, de no haberlo contestado se le impondría $400.00 en concepto de sanciones en favor del Estado Libre Asociado.

En septiembre el Hospital solicitó la desestimación de la demanda en virtud de la Regla 34.2. El Tribunal le concedió a la demandante diez (10) días para replicar a dicha moción. Como en todas las incidencias anteriores el Lcdo. Castillo no hizo nada y el 31 de octubre de 1994 el Tribunal emitió una sentencia desestimando la demanda. El 3 de noviembre de 1994 la demandante Judith Candelario González presentó una moción para que se dejara sin efecto la sentencia. En ella relató las gestiones infructuosas que realizó encaminadas a intentar comunicarse con el Lcdo. Castillo Martínez. Que se enteró por otros medios, no por su abogado, de la desestimación de su demanda. Alegó que ha invertido en honorarios de abogados y en la contratación de un perito aproximadamente $2,000.00 y que tiene interés en

que su caso se dilucide en los méritos. El 9 de noviembre el Tribunal le notificó a las partes una Orden en la cual le concedía a la demandante 20 días para que compareciera con una nueva representación legal y planteara lo que estimara pertinente. El 16 de noviembre de 1994 compareció el Lcdo. Diego Ledee Bazán y solicitó del Tribunal que le permitiera asumir la representación legal de la demandante, señalamiento de una vista sobre el estado del caso, que se dejara sin efecto la sentencia y que fijaran providencias para la continuación de los procedimientos. Posteriormente tanto la representación legal del Dr. Caballero Torres y de la señora Candelario González presentaron mociones para que se les notificara de las mociones presentadas por cada parte respectivamente. El 10 de enero de 1995 el Tribunal emite una Orden donde le concede al Lcdo. Edwin Castillo Martínez diez (10) días para que exprese su posición relacionada con la moción en la cual el Lcdo. Ledee Bazán asume la representación legal de la demandante. Nada hay en el expediente que acredite el cumplimiento de dicha Orden por parte del Lcdo. Castillo Martínez. Así las cosas, el 3 de febrero de 1995 el Tribunal emitió una resolución donde se reafirmó en la determinación del 31 de octubre de 1994 y en la cual se desestima la demanda.

Del examen de todo el tracto procesal se desprende que todos los documentos, mociones y órdenes dictadas antes de que se desestimara la demanda fueron notificados al Lcdo. Castillo. Nada hay que indique que la parte demandante supiera de los múltiples incumplimientos de las órdenes del Tribunal por parte de su representación legal.

### III

Los tribunales tienen que mantener el delicado balance entre intereses que aparentan estar en conflictos. Por un lado el interés de que los asuntos se ventilen en forma rápida, justa y económica y por otro lado el interés particular de los litigantes de que sus controversias se diluciden y se resuelvan en sus méritos. *Maldonado v. Srio. de Rec. Naturales*, 113 D.P.R. 494 (1982). Las cortes, en el ejercicio de su discreción, tienen el poder para desestimar una demanda o eliminar las alegaciones de una parte. No empece a ello, este poder debe ejercitarse de forma mesurada y únicamente en casos extremos. *Echevarría Jiménez v. Sucn. de Teodorico Pérez Meri*, **89 J.T.S. 48,** opinión del 15 de mayo de 1989; *Garriga v. Maldonado,* 109 D.P.R. 817 (1980); *Arce v. Club Gallístico,* 105 D.P.R. 305 (1976). La norma general es que a todo litigante se le debe brindar la oportunidad de tener *"su día en corte".* La desestimación de una demanda con perjuicio debe hacerse únicamente en casos excepcionales y donde claramente surja la dejadez, irresponsabilidad, falta de interés y contumacia de la parte contra quien se toma una medida tan drástica. *Acevedo v. Compañía Telefónica de Puerto Rico,* 102 D.P.R. 787 (1974).

En *Maldonado v. Srio. de Rec. Naturales, supra,* se señaló:

*" Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicables, amerita la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. La experiencia señala que en la gran mayoría de los casos que presentan esta clase de dificultades --el presente caso es un ejemplo de ello-- las partes no están enteradas de la actuación negligente de sus abogados y, al advenir en conocimiento de ello, la situación es corregida de inmediato. Una parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas".*

Nada hay en los autos del presente caso que indique que la demandante-apelante tuviere conocimiento del reiterado incumplimiento de las órdenes del tribunal por parte de su

abogado. Así como tampoco se le puede atribuir conocimiento de que el trámite procesal estaba estancado a consecuencia de la falta de diligencia e inacción de éste. No surge que fuera apercibida por el Tribunal de Instancia respecto al incumplimiento de su abogado y a la sanción a que se exponía de persistir la situación y ésta no ser corregida. *Fernández Sánchez v. Fernández Rodríguez,* 120 D.P.R. 422 (1988).

Se desprende con transparente claridad que el Lcdo. Castillo Martínez no fue diligente al reclamar los derechos de su representada y su desempeño fue el causante directo de que este caso se convirtiera en un calvario procesal. Es por ello que se le impone $1,000.00 de sanción a beneficio de los demandados. Dicha sanción deberá consignarse en la Secretaría del Tribunal de Primera Instancia dentro del término de 20 días a partir del recibo del mandato y notificarse del pago de la misma a este Tribunal.

Por todo lo antes expuesto, se revoca la sentencia recurrida y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Guayama para que continúen los procedimientos de forma consistente con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. Gonzalez Cruz
Secretaria General

## ESCOLIOS 95 DTA 92

**1.** Regla 39.2. Desestimación

*"(a) Si el demandante dejare de cumplir con estas reglas o con cualquier orden del tribunal a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier reclamación contra él.*

*(b)....*

*(c)...."*

**2.** Regla 34.2. Negativa a obedecer la orden.

*"(a) ......*

*(b) Otras circunstancias. Si una parte o un funcionario o agente administrador de una parte o una persona designada para testificar a su nombre, según disponen las Reglas 27.5 ó 28, dejare de cumplir con una orden para llevar a cabo o permitir descubrimiento de prueba, incluyendo una orden bajo la Regla 34.1 y bajo la Regla 32, el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que fueren justas, y entre ellas las siguientes:*

*"(1) ......*

*(2) ......*

*(3) Una orden eliminando alegaciones o parte de las mismas o suspendiendo todos los procedimientos posteriores hasta que la orden sea acatada, o desestimando el pleito o procedimiento o cualquier parte de los mismos, o dictando una sentencia en rebeldía contra la parte que incumpliere.*

*(4) ......*

*(5) ......*

*(6) ......*

*(c) ......"*

**3.** Regla 34.1. Moción para que se ordene a descubrir lo solicitado.

*"Cuando una parte se negare a descubrir lo solicitado, la parte promovente de una moción bajo esta regla, mediante notificación razonable a todas las personas a quienes pudiere afectar, podrá requerir del tribunal que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado..."*