# 99 DTA 122

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN
PANEL IV**

JULIA LUGO LUYANDO
Apelante-Recurrente

v.

AUTORIDAD DE CARRETERAS Y TRANSPORTACION
Apelada-Recurrida

Núm. KLRA-98-00788

San Juan, Puerto Rico, a 18 de marzo de 1999

Panel integrado por su Presidente, Juez Rossy García
y los Jueces González Rivera y Ortiz Carrión

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El recurso instado en el caso de epígrafe interesa la revisión y revocación de una resolución emitida por el Comité de Apelaciones de la Autoridad de Carreteras y Transportación, la que fue notificada el 26 de octubre de 1998. Mediante ésta, dicho foro colegiado desestimó la apelación presentada por la aquí recurrente, Sra. Julia Lugo Luyando *"por falta de interés"*, acción que interesaba la revisión de una determinación de la Autoridad de Carreteras y Transportación, mediante la cual le fue denegada una solicitud de reclasificación del puesto de Secretaria Administrativa IV, que ocupaba, a Secretaria Administrativa V.

Inconforme la recurrente con dicho dictamen y luego de serle denegada una moción de reconsideración que fue presentada en tiempo oportuno, procedió a interponer el recurso que nos ocupa en el que imputa, en su único señalamiento de error, que incidió el referido foro administrativo al desestimar la apelación por ella instada, lo que argumenta alcanza en su caso a una violación al debido proceso de ley que le asiste.

Encontrándonos ahora en condición de dictaminar luego de la comparecencia de la recurrida, quien presentó su escrito en oposición en atención a un requerimiento nuestro, resolvemos que resulta procedente expedir el auto solicitado para dictar sentencia revocatoria del dictamen recurrido. ■

### I

Los hechos pertinentes al aspecto de derecho al que se circunscribe el caso que nos ocupa son sencillos y los mismos no están en controversia. La señora Julia Lugo Luyando (Sra. Lugo Luyando) se desempeña como Secretaria Administrativa IV en la oficina de Apoyo Técnico del Area de Tecnologías de Información en la Autoridad de Carreteras y Transportación (ACT), puesto que está clasificado como uno gerencial de carrera. En enero de 1996, el Sr. Carlos G. Pérez, director de la referida oficina y supervisor inmediato de la señora Lugo Luyando, solicitó que el puesto por ella ocupado fuera reclasificado al de Secretaria V, a lo que se suscribió dicha empleada remitiendo una carta dirigida a esos mismos fines al Sr. Héctor Muñoz, Director del Area de Recursos Humanos.

El 23 de agosto de 1996, la reclasificación así peticionada fue denegada bajo el fundamento de que el mismo estaba bien clasificado. Una oportuna reconsideración de tal denegatoria fue igualmente desmerecida, ■ por lo que la Sra. Lugo Luyando optó por instar un recurso de Apelación ante el Comité de Apelaciones de la ACT (el Comité). ■

Presentado y notificado como fue el recurso, la ACT sometió su contestación al mismo luego de ser instruido a tales efectos por el Comité en dos ocasiones distintas. Surge de los autos que ninguna de las partes actuó sobre una orden que fue emitida por dicho foro administrativo requiriéndoles que se reunieran para confeccionar un informe conjunto definiendo las controversias e informando la prueba que habrían de utilizar en la vista en su fondo de la apelación.

Sin que surja del expediente trámite posterior alguno, el 2 de julio de 1998 la ACT presentó un escrito que denominó *"Moción de desestimación al amparo de la Regla 39.2(B) [de Procedimiento Civil]"*, predicada en que alegadamente la señora Lugo Luyando *"ha abandonado el caso"*.

A tenor, solicitó la desestimación *"Con perjuicio"*, de la apelación instada por la señora Lugo Luyando. Replicada como fue dicha moción, en la que dicha parte alegó que *"tiene interés en su caso y desea continuar con el mismo"*, el Comité declaró Sin Lugar la referida moción. Dispuso, no obstante, en su orden a tales efectos de 24 de julio de 1988, que la señora Lugo Luyando debía comparecer mediante orden de mostración de causa por la cual no se debía desestimar su recurso de apelación por falta de interés, para lo que le concedió un término de 20

días dentro del cual debía, asimismo, *"reunirse con el abogado de la parte apelada y preparar el informe mencionado en la Orden del 20 de noviembre de 1996".* ■

En este estado los procedimientos, la representación legal de la señora Lugo Luyando, Lcdo. Vimael Baerga Santini, quien la representaba en virtud de un acuerdo de servicios profesionales con la Asociación de Empleados Gerenciales y Supervisores de la Autoridad de Carreteras, y quien terminó sus gestiones como abogado de dicha Asociación, conjuntamente con el Lcdo. Jesús Morales Cordero, presentaron ante el Comité una moción mediante la cual el Lcdo. Baerga renunciaba y el Lcdo. Morales asumía la representación de dicha apelante. ■ Particularmente se solicitó por el Lcdo. Morales, además, que *"de estar pendiente de cumplimiento cualquier Orden o Resolución en el presente caso favor de conceder un término de por lo menos treinta (30) días al Lcdo. Morales Cordero para que cumpla con la misma".* A tenor, fue la súplica de dicho escrito que *"previo los trámites legales de rigor declare Con Lugar la presente Moción y en consecuencia acepte nuestra renuncia y conceda el término solicitado".* ■

Según se desprende del expediente ante nos, mediante orden del subsiguiente 17 de septiembre, el Comité acogió con aprobación la moción conjunta presentada por los referidos letrados. Dispuso así que: '

*"1. Se releva al Lcdo. Baerga Santini de continuar representando a la parte apelante en este procedimiento.*

*2. Se admite al Lcdo. Jesús R. Morales Cordero como la nueva representación profesional de la parte apelante.*

*3. En adelante la Secretaria de este Comité le notificará al Lcdo. Morales Cordero de cualquier providencia que se tome en este procedimiento."* ■

La notificación de dicha orden lleva fecha del próximo día, viernes, 18 de septiembre de 1998.

Con este trasfondo, y como es sabido, durante los días 21 y 22 de septiembre de 1998 (lunes y martes de la semana siguiente), la Isla de Puerto Rico fue azotada por el Huracán Georges, fenómeno atmosférico cuyo efecto devastador trastocó la vida de todos nuestros habitantes y afectó el desarrollo y el quehacer de todas nuestras actividades como pueblo, paralizando muchas de ellas por varias semanas. Ello dio base a la adopción de medidas remediales tanto por el Tribunal Supremo, *In re: Medidas Judiciales Para Atender Emergencias Causadas por el Huracán Georges,* ___ D.P.R. ___ (1998), **98 J.T.S. 129,** así como por la Asamblea Legislativa, quien aprobó la Resolución Conjunta (R.C.) de la Cámara Núm. 1939, convertida posteriormente en la R.C. Núm. 540 de 30 de octubre de 1998, para establecer un período de prórroga desde el 21 de septiembre de 1998 y hasta el 30 de octubre, de todos los términos jurisdiccionales, directivos, de prescripción y de caducidad en los procedimientos judiciales, civiles y criminales, lo que hizo también extensivo al ámbito de los procedimientos administrativos bajo la consideración del E.L.A. de P.R. Posteriormente, dicho cuerpo legislativo consideró necesario extender el alcance de la precedente medida, y mediante la R.C. Núm. 2108, convertida en la R.C. Núm. 633 al recibir la firma del Gobernador, modificó el período de prórroga antes indicado para extenderlo hasta el 16 de noviembre de 1998.

Fue así como, en medio de ese estado de emergencia, el 23 de octubre de 1998 el Comité emitió la resolución cuya revisión nos ocupa. Según se ha expuesto, dicho foro observó allí que la señora Lugo Luyando no había acatado su orden previa emitida el 5 de agosto de 1998, relativa al escrito sobre mostración de causa y la confección del informe entre abogados, lo que a su juicio constituia un abandono del caso por parte de la señora Lugo Luyando que ameritaba la desestimación de la apelación, por falta de interés de la parte apelante. Al así dictaminar hizo total abstracción de los términos de su resolución de 17 de septiembre de 1998, admitiendo la nueva representación legal de la aquí recurrente, lo que implicaba, además, la concesión del término de treinta (30)

días solicitado para atender cualquier orden o resolución pendiente de cumplimiento. También ignoró la situación de emergencia prevaleciente como consecuencia del paso del Huracán Georges, así como los términos de la resolución conjunta antes referida, cuyo efecto no fue otro que aquél de prorrogar los términos en procedimientos judiciales y administrativos desde el 21 de septiembre de 1998 y hasta el 16 de noviembre de 1998, efecto legal que el foro administrativo recurrido venía obligado a reconocer. En tales circunstancias el dictamen aquí recurrido no puede prevalecer.

## II

Del expediente ante nos surge que, habiéndose contratado los servicios profesionales del Lcdo. Morales Cordero por la Asociación de Empleados Gerenciales de la ACT, la señora Lugo Luyando era tan sólo una de las empleadas por él representadas, de entre los aproximadamente cien (100) miembros de dicha asociación con casos pendientes ante el Comité, cuya representación legal habría de asumir el Lcdo. Morales Cordero. De ahí que la concesión del período de tiempo peticionado por el Lcdo. Morales se hacía indispensable para colocarse éste en condición de relacionarse con los expedientes y enterarse adecuadamente de cuál era la situación procesal en cada uno de ellos para el descargo responsable de la obligación asumida para con los asociados por él representados, entre ellos la aquí recurrente. ■ De otra parte, de los autos no surge que el Comité y sus miembros estuvieran al margen de tal situación, por lo que forzoso es imputarle conocimiento de las circunstancias particulares que enfrentaban los empleados gerenciales de la ACT que tenían casos pendientes ante dicho foro apelativo y que motivaban tal solicitud, por parte de su nueva representación legal.

Evidente nos resulta, pues, que en las circunstancias particulares del caso que nos ocupa, los claros términos de la resolución emitida por la ACT autorizando el cambio en representación profesional, no permitían otra interpretación razonable que no fuera aquélla de conceder a la nueva representación legal de la apelante el término por él solicitado para atender con diligencia cualquier orden o disposición del referido foro administrativo pendiente de cumplimiento, como lo era aquélla que dio base a la desestimación que es ahora objeto de impugnación. Es por ello que somos del criterio de que el foro administrativo recurrido, quien ya había sido informado, además, del interés de la apelante en su caso, estaba impedido de hacer abstracción de los efectos de su propio dictamen para decretar la desestimación de la apelación, *"por falta de interés"*. Tenía así la nueva representación legal de la Sra. Lugo Luyando hasta el 14 de diciembre de 1998, inclusive, para cumplir con la orden previa, mediante la cual se le requirió reunirse con la representación legal de la parte apelada para preparar el correspondiente informe entre abogados en contemplación a la celebración de una vista para adjudicar los méritos de la apelación interpuesta, ello por efecto de la Resolución Conjunta Núm. 540 de 30 de octubre de 1998, según enmendada posteriormente por la Resolución Conjunta Núm. 633, antes referidas. ■

Ahora bien, independientemente de lo anteriormente expuesto, lo que es suficiente para disponer del recurso que hoy consideramos, la desestimación así decretada por la ACT alcanza, además, a un abuso de discreción que no puede prevalecer.

El principio de derecho procesal administrativo que reconoce la función cuasi judicial de los organismos administrativos fue recogido y adoptado por nuestro legislador al aprobarse en nuestra jurisdicción la Ley de Procedimiento Administrativo Uniforme (LPAU), *supra.* Sec. 3.1, 3 L.P.R.A. sec. 2151 *et seq.* Es por ello que, por analogía, y en todo lo que no sea incompatible con lo allí dispuesto, se ha considerado que le son extensivas a los organismos administrativos no sólo las reglas aplicables a los procedimientos civiles, sino también los criterios que informan el debido proceso en su aspecto procesal, según éste ha sido interpretado por nuestro Tribunal Supremo en el ámbito judicial. Así, si bien es cierto que dicho alto foro ha reconocido *"que los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte, ese proceder, sin embargo, se debe ejercer juiciosa y apropiadamente". Maldonado v. Srio. de Rec. Naturales,* 113 D.P.R. 494, 498 (1982).

Como parte de ese proceder juicioso y apropiado que debe observar el foro adjudicador al contemplar la imposición de sanciones ante el incumplimiento de los litigantes con sus órdenes, se encuentra el requisito de notificación hecha directamente a la parte interesada, con el que debe cumplirse estrictamente cuando se anticipa que su causa de acción o el derecho reclamado está en riesgo de ser desestimado, ello por actuaciones que le son imputables a su representación legal. Observamos así cómo la trayectoria seguida al respecto por el Tribunal Supremo en casos como el de *Ramírez de Arellano v. Srio. de Hacienda*, 85 D.P.R. 823, 829-830 (1962); *Acevedo v. Compañía Telefónica de P.R.*, 102 D.P.R. 787, 791-792 (1974*); Arce v. Club Gallístico de San Juan*, 105 D.P.R. 305, 307-308 (1976*); Garriga Gordils v. Maldonado Colón*, 109 D. P.R. 817, 822 (1988); y *Dávila v. Hospital San Miguel, Inc.*, 117 D.P.R. 807, 814 (1986), fue forjando la clara norma procesal que dicta que:

*"[p]lanteada ante un tribunal una situación [...] que amerita la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte; si dicha sanción disciplinaria no surte frutos positivos procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo después de que la parte propiamente haya sido informada y/o [sic] apercibida de la situación y de las consecuencias que pueda tener que la misma no sea corregida. [...] Una parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca se podrá querellar ante ningún foro de que se le despojó injustificadamente de su causa de acción y/o [sic] de sus defensas."* Maldonado v. Srio. Rec. Naturales, supra, pág. 498, citado con aprobación en *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 D.P.R. 664, 674 (1989).

Como sabemos, ello responde esencialmente a la política de que todo ciudadano debe tener *"su día en corte"*, la que dimana de nuestra estructura constitucional. A tenor, la desestimación como sanción debe ser siempre el último recurso a utilizarse por un foro adjudicador. *Amaro González v. First Fed. Savings,* 132 D.P.R. ___ (1993), **93 J.T.S. 46.**

Al colocar ahora la determinación del Comité dentro del precedente marco procesal, observamos que la decisión de dicho foro apelativo de desestimar la apelación de la señora Lugo Luyando, ello como sanción por el incumplimiento con sus órdenes por parte de su anterior representación legal, fue tomada sin que se siguiera, de forma progresiva, el patrón establecido por el alto foro, que justificara la eventual desestimación de la causa de acción de dicha parte apelante, aquí recurrente.

Observamos, inicialmente, que ninguna acción tomó el Comité ante la dejadez de la ACT de cumplir con sus órdenes de contestar la apelación instada por la señora Lugo Luyando. Tampoco apercibió directamente a la apelante del riesgo de desestimación que corría la apelación por ella interpuesta, de haber sido ese el criterio del foro administrativo recurrido. Por consiguiente, dicha parte nunca advino en conocimiento de que su causa de acción estaba en riesgo, ni estuvo en posición de tomar acción al respecto. Más grave aún, tampoco advirtió a la nueva representación legal de la señora Lugo Luyando de la inminencia del archivo de la acción previo a así dictaminar. Fue en tales circunstancias, es decir, tan sólo cinco (5) días después de cumplirse el plazo original del que disponía la señora Lugo Luyando, el que hubiera expirado el 18 de octubre de 1998 sin considerar el efecto legal de las resoluciones conjuntas antes referidas, y haciendo total abstracción el foro administrativo de la situación de crisis por la que atravesaba nuestro país en esos momentos, que el Comité utiliza la sanción más drástica que se puede imponer a una parte, decretando, mediante su resolución de 23 de octubre de 1998, la desestimación de la apelación instada por la señora Lugo Luyando. Concluimos ahora que, al así dictaminar, abusó de su discreción el foro administrativo recurrido, lo que constituye fundamento adicional para revocar el mismo.

Resolvemos, en consecuencia, que resulta procedente expedir el auto solicitado para revocar el dictamen recurrido y ordenar la reinstalación de la apelación instada por la recurrente ante el Comité de Apelaciones de la ACT.

## III

Por los fundamentos antes expuestos, se expide el auto peticionado para revocar y dejar sin efecto la resolución recurrida. Así, se ordena y dispone la reinstalación de la apelación instada por la recurrente y la continuación del trámite administrativo en forma consistente con lo aquí resuelto.

Lo acuerda y manda el Tribunal y así lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 99 DTA 122

**1.** Como parte de nuestra resolución al respecto, específicamente le pedimos a la recurrida que se expresara acerca del impacto sobre el recurso de lo dispuesto en la Resolución Conjunta de la Cámara Núm. 633, la cual prorrogó todos los términos en la esfera judicial y la administrativa comprendidos entre el 21 de septiembre y el 16 de noviembre de 1998.

**2.** En ambas ocasiones la denegatoria estuvo suscrita por el Sr. Héctor Muñoz, aún cuando la petición de reconsideración fue dirigida al Dr. Sergio L. González Quevedo, Director Ejecutivo de la ACT.

**3.** Este foro apelativo fue creado por virtud de las disposiciones del Art. 19 del Reglamento Núm. 4769 de 6 de agosto de 1992, Reglamento de Personal de la Autoridad de Carreteras, *"con el fin de atender y resolver de forma diligente, ordenada y justa todas las controversias, quejas y querellas que surjan de casos disciplinarios, clasificación de puestos, reclutamiento y selección, ascensos, traslados, descensos, adiestramiento y retención, reconocidos en el Reglamento de personal a aquellos empleados que no tienen derecho a negociar colectivamente".* Se dispuso así, entre sus funciones, que dicho comité serviría de organismo apelativo sobre las decisiones del Director en todos los casos allí contemplados. Art. 19.2. En lo pertinente, el referido reglamento fue adoptado por la ACT conforme a las disposiciones de su estatuto habilitador, Ley Núm. 74 de 23 de junio de 1965, según enmendada, de la sección 10.6 de la Ley Núm. 5 de 14 de octubre de 1975, según enmendada (Ley de Personal del Servicio Público), y de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada (Ley de Procedimiento Administrativo Uniforme), Art. 2, *"para dar cumplimiento a la responsabilidad de adoptar un reglamento que garantice el principio de mérito que regirá todas las transacciones de personal para los empleados gerenciales de carrera".* Art. 1. En la actualidad está vigente el Reglamento Núm. 5523 de 3 de diciembre de 1996, el cual provee en idénticos términos.

**4.** Véase orden de 24 de julio de 1998, Apéndice del recurso, pág. 25.

**5.** Véase *"Moción de renuncia de representación legal"*, Apéndice del recurso, pág. 27. Se expuso allí que el contrato por virtud del cual el Lcdo. Baerga Santini representaba a los miembros de la Asociación de Empleados Gerenciales de la ACT ante el Comité había expirado al 31 de agosto de 1998, por lo cual él no podía continuar con la representación legal de los mismos, particularmente la de la señora Lugo Luyando.

**6.** *Id.*, pág. 28.

**7.** Véase orden de 17 de septiembre de 1998, Apéndice del recurso, pág. 15.

**8.** Así, el Lcdo. Morales Cordero expone que, dadas tales circunstancias, éste no tuvo oportunidad de examinar los expedientes de todos los casos antes de asumir dicha representación legal.

**9.** Así, cuentan como dos (2) días el 19 y 20 de septiembre; catorce (14) días entre el 17 y el 30 de noviembre; y catorce (14) días más entre el 1ro y el 14 de diciembre, para un total de 30 días.