WANDA ESTHER ORTIZ, ETC., ET AL., demandantes y recurrentes, *v.* CORPORACIÓN DE RENOVACIÓN URBANA Y VIVIENDA ET AL., demandados y recurridos.

Número: R-76-26     Resuelto: 19 de marzo de 1976

*Benito Gutiérrez Díaz* y *Luis E. Delannoy,* abogados de los recurrentes; *Géigel, Silva, Soler Favale & Arroyo* y *José A. Masini Soler,* abogados de los recurridos.

· PER CURIAM: ██ En la demanda en este caso se reclaman daños de la Corporación de Renovación Urbana y Vivienda y su aseguradora por fracturas que sufrió una niña al caerse de una balconeta en enero de 1970 y rodar por una escalera en abril de 1973, ambos accidentes ocurridos en apartamentos de Caserío Manuel A. Pérez donde vivía. La demanda fue contestada y el 22 de enero de 1975 terminó el descubrimiento de prueba, entrando el pleito en período de inacción que se prolongó por diez meses, dictándose el 26 de noviembre de 1975 sentencia de desestimación y archivo conforme a la Regla 11 de Administración del Tribunal de Primera Instancia que ordena: "El Juez Administrador, o el juez en quien éste delegare, desestimará y ordenará el archivo de todos los asuntos civiles pendientes en los cuales no se hubiere efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses. Mociones de prórroga no serán consideradas como un trámite a los fines de esta regla. La desestimación bajo esta regla constituirá cosa juzgada." Solicitó la demandante en moción encauzada en la Regla 49.2 de Procedimiento Civil que se le relevara de dicha sentencia aduciendo como único fundamento que hallándose el caso listo para conferencia o juicio competía al tribunal señalarlo, citando de *Ortiz Rivera* v. *Agostini,* 92 D.P.R. 187 (1965). Al denegar la sala de instancia la moción bajo la Regla 49.2, la parte demandante instó recurso de revisión contra la sentencia de archivo fuera de término, toda vez que la moción bajo la Regla 49.2 no afecta la finalidad de la sentencia ni suspende sus efectos, y que por el interés contemporáneo del planteamiento hemos tomado como *certiorari.*

██ Aparte de que *Ortiz Rivera* v. *Agostini,* supra, adjudicó una situación meritoria que movió la discreción judicial, circunstancia que no se da en el caso de autos, las actuales Reglas 4 y 5 de Administración al conceder al juez facultad exclusiva para señalar tanto las conferencias con antela-

ción como el juicio, no relevan a las partes de pedir señalamiento. Precisamente previene la Regla 5.2 que nada de lo dispuesto en las Reglas impedirá la aplicación de la once. Responde dicha salvedad a la realidad práctica de que la moción de señalamiento es el medio más directo y eficiente para enterar al tribunal que el pleito se halla listo para inclusión en el calendario de vistas. De no ser así habría que destacar un funcionario de secretaría en constante seguimiento del progreso procesal de cada expediente para determinar el momento en que madura para conferencia con antelación o juicio e incorporarlo al calendario continuo. Resulta más expedito formar el calendario de vistas siguiendo el orden y prioridad de las mociones de señalamiento. Coincide la exigencia de ese aviso a modo de solicitud de señalamiento con la indeclinable obligación de los abogados de mantener una constante y dinámica gestión del interés de su cliente, actividad indelegable por ser parte principalísima de su encomienda profesional.

En el clima de reforma y de rápida tramitación de los casos no hay sustituto para la continua vigilancia por el abogado de los términos dispuestos especialmente para imprimirle agilidad óptima al proceso judicial. De adoptar un compás de espera dependiendo de que otro mueva el caso se corre el riesgo conocido de la desestimación.

*No siendo la aducida por el recurrente causa que justifique relevo de la sentencia de desestimación bajo la Regla 11, no procede la expedición del auto.*