IBRAIM ARCE, ETC., demandantes y recurrentes, *v.* CLUB GALLÍSTICO DE SAN JUAN, demandado y recurrido.

*Número:* R-76-313      *Resuelto:* 12 de noviembre de 1976

*Calderón, Rosa Silva & Vargas* y *David Rivé Rivera,* abogados de los recurrentes; *Roberto Avila Rivera* y *Carmelo Avila Medina,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Con fecha 27 de noviembre de 1974, veintiocho socios del Club Gallístico de San Juan incoaron acción contra dicha entidad solicitando su disolución, liquidación y la adjudicación de las respectivas participaciones de todos sus miembros. La demanda fue contestada en 16 de enero de 1975. Durante el transcurso de los meses de febrero, marzo y abril las partes intercambiaron varios documentos relacionados con una sentencia sumaria promovida por la demandada, la cual el 19 de mayo de 1975 fue denegada al estimarse que existían hechos en controversia que la hacían improcedente.

Subsiguientemente, el tribunal de instancia señaló una conferencia con antelación a juicio el 11 de septiembre, y como resultado, las partes acordaron reunirse con posterioridad extrajudicialmente para tratar de simplificar las controversias. Las gestiones entre sus abogados para coordinarla, fueron infructuosas. No habiendo existido trámite judicial al respecto, el 3 de junio de 1976, el tribunal dictó sentencia al amparo de la Regla 11 de las de Administración; dictamen que sostuvo en reconsideración. Ello motiva el presente recurso[1] interpuesto por los demandantes en orden a dos planteamientos.

---

[1] Habiendo comparecido ambas partes, hemos considerado dar por sometido el mismo en virtud de la Regla 50 de nuestro Reglamento y dictar la decisión correspondiente.

■ El primero cuestiona la constitucionalidad de la Regla 11. El señalamiento es inmeritorio. La regla está basada no sólo en el poder inherente[2] y autoridad expresa de este Tribunal para adoptar Reglas de Administración para los Tribunales de Primera Instancia, sino en la doctrina jurisprudencial previa que así lo reconoce, dentro del espíritu y lenguaje de la Regla 39.2 de las de Procedimiento Civil.[3] Bajo los términos de su antecesora, la Regla 41 (b) de las de Enjuiciamiento Civil de 1943, habíamos establecido la autoridad de un tribunal, a instancia propia, a desestimar una demanda por falta de ulterior gestión: *Costas Purcell* v. *Tribunal Superior*, 88 D.P.R. 10, 18 (1963); *Souchet* v. *Cosío*, 83 D.P.R. 758, 762 (1961) y casos allí citados. La Regla 11, al amparo de las nuevas corrientes de reforma procesal cuya finalidad óptima es la pronta y justa solución de las controversias judiciales, recoge el criterio jurisprudencial y descansa en el supuesto que una inactividad de las partes en exceso de seis meses es irrazonable y presume ausencia de interés o abandono de éstas. *Ortiz* v. *C.R.U.V.*, 104 D.P.R. 704 (1976); *Ortiz* v. *Fernós López*, 104 D.P.R. 851 (1976); *Madera Meléndez* v. *Negrón*, 103 D.P.R. 749 (1975); y *Heftler Const. Co.* v. *Tribunal Superior*, 103 D.P.R. 844 (1975).

■ El segundo planteamiento es en el sentido de que, en las circunstancias del caso, no debió aplicarse la Regla 11. Sin que ello implique un relajamiento en cuanto a su aplicación, debemos reconocer que la desestimación de un pleito bajo la Regla 39.2 o la 11 de las de Administración debe prevalecer únicamente en casos extremos al quedar expuesto el desinterés y abandono total de la parte de su caso. Las

---

[2] Véase: *Meléndez* v. *Levitt & Sons of P.R.*, 104 D.P.R. 797 (1976).

[3] En lo pertinente dispone: *"Si el demandante dejare de proseguir el pleito o de cumplir con estas reglas o con cualquier orden del tribunal, un demandado podrá solicitar la desestimación del pleito o de cualquier reclamación contra él."* (Énfasis suplido.)

actuaciones u omisiones de sus abogados, deben ser objeto de escrutinio judicial y de sanciones, antes de atribuirle a las partes todo el rigor y consecuencias de las mismas. *Acevedo* v. *Compañía Telefónica de P.R.*, 102 D.P.R. 787 (1974).

■ Hace unos días sintetizamos la norma al respecto del siguiente modo:

"Ciertamente nos preocupa, y siempre nos ha preocupado, que la indolencia de una o de ambas partes en un litigio pueda frustrar el propósito de que se haga justicia rápida. Nuestras decisiones han estado dirigidas a fortalecer el poder de las Salas de instancia para aligerar los procedimientos, si necesario fuere mediante la drástica sanción de decretar la desestimación y archivo de la demanda de la parte actora, y según sea el caso, eliminar las alegaciones de la parte demandada, declararla en rebeldía y resolver la causa en su contra. No vamos a aflojar esa norma en lo más mínimo. Pero tiene por necesidad que aplicarse en cada caso conforme a sus particulares hechos y perspectivas." *Secretario del Trabajo* v. *Mayagüez O. M. Club*, 105 D.P.R. 279 (1976).

■ En *Ortiz* v. *Fernós López*, supra, resolvimos que ni los cambios en representación de abogado ni conversaciones extrajudiciales entre las partes constituyen gestiones que interrumpen el término de inactividad. Reiteramos tales pronunciamientos, enfatizando que acuerdos privados entre abogados o partes con el propósito de no ventilar prontamente el caso, sin que medie autorización expresa del tribunal, de ordinario, no impiden la aplicación estricta del período preceptuado en la Regla 11. Sin embargo, en las circunstancias del caso de autos, las gestiones extrajudiciales entre los abogados de las partes cumpliendo con el acuerdo adoptado ante el tribunal como consecuencia de la conferencia con antelación a juicio, debió estimarse como un interés de los demandantes en proseguir el pleito. El tribunal a quo debió reconsiderar y reabrir el caso previa imposición de una sanción a los abogados de los demandantes.

*Se dictará Sentencia expidiendo el auto solicitado orde-*

*nando la reapertura del caso sujeto a que los abogados de la parte demandante, dentro del término de quince (15) días a partir del recibo del mandato, consignen en concepto de honorarios de abogado para la parte demandada la suma de $250.00.*

El Juez Presidente Señor Trías Monge concurre en el resultado sin opinión y el Juez Asociado Señor Martín no intervino.