# 99 DTA 157

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN
PANEL IV**

COOPERATIVA DE AHORRO Y CREDITO DE MANATI
Apelante

v.

LUZ M. LOPEZ VAZQUEZ Y SU ESPOSO JOHN DOE
Apelados

Núm. KLAN-99-00239

San Juan, Puerto Rico, a 11 de mayo de 1999

Panel integrado por su Presidente, Juez Rossy García
y los Jueces González Rivera y Ortiz Carrión

González Rivera, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La Cooperativa de Ahorro y Crédito de Manatí (la Cooperativa) solicita mediante el presente recurso de apelación la revocación de una sentencia dictada el 27 de enero de 1999 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante dicha sentencia se dispuso la desestimación y archivo con perjuicio de una acción en cobro de dinero presentada contra la parte apelada.

Los hechos procesales según alegados en el recurso que enmarcan la cuestión planteada son los siguientes: Luego de presentada la demanda en cobro de dinero por la Cooperativa el 6 de abril de 1998, el Tribunal señaló la primera vista para celebrarse el 14 de julio de 1998. A dicha vista no comparecieron ninguno de los abogados de las partes. Por lo que el foro apelado dictó sentencia en la cual desestimó el caso sin perjuicio.

Posteriormente, la parte demandada presentó una moción de reconsideración a la sentencia emitida y solicitud de nuevo señalamiento. En aquella ocasión se adujo como excusa que el abogado que tenía a su cargo el caso había tenido una vista previa en el Tribunal de Barceloneta y que llegó a la vista señalada a las 11:00 de la mañana y cuando ya el Tribunal había recesado. Acogida la correspondiente moción de reconsideración el Tribunal de Instancia dejó entonces sin efecto su sentencia e hizo un segundo señalamiento para el 23 de septiembre de 1998. Dicha vista fue suspendida por motivos del Huracán Georges.

El tribunal pautó un nuevo señalamiento para el 1 de diciembre de 1998. El representante legal de la Cooperativa acepta en su recurso de apelación que recibió dicho señalamiento en tiempo el 16 de octubre de 1998. Sin embargo, por estar tramitando dos casos contra lá parte demandada en cobro de dinero, uno ante el Tribunal Superior de San Juan y otro en la Sala Municipal del mismo foro, se estaban archivando incorrectamente en su oficina las últimas notificaciones del caso del epígrafe.

Ello motivó una confusión que generó en su incomparecencia a la vista pautada para el 1 de diciembre de 1998. Ante tal situación y no habiéndose presentado excusas, el Tribunal de Primera Instancia dictó el 27 de enero de 1999 la sentencia que es objeto de revisión, disponiendo el archivo con perjuicio de la acción instada.

Así las cosas, el 24 de febrero de 1999 la Cooperativa, apelante, por conducto de su representación profesional solicitó reconsideración a dicho dictamen. En su moción pidió excusas por su incomparecencia. Atribuyó la tardanza en presentarse a la vista pautada a errores en su oficina, lo que a su juicio constituia negligencia excusable. Indicó, además, que no se había adquirido jurisdicción sobre los demandados toda vez que las notificaciones cursadas habían sido devueltas. Solicitó así que se declarase con lugar su moción de reconsideración y se reinstalasen los procedimientos. En la alternativa propuso la sustitución de tal sanción drástica por la imposición de una sanción económica.

La moción de reconsideración no fue considerada por el magistrado de instancia dentro del término de diez días de su presentación, según lo requiere la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, por lo que la parte apelante presentó el recurso que nos ocupa. En el mismo imputa como único señalamiento que erró el tribunal al desestimar con perjuicio el caso de epígrafe.

No habiéndose presentado el escrito en oposición de la parte apelada, procedemos a resolver sin el beneficio de su comparecencia. Resolvemos ahora que se cometió el error imputado y que resulta procedente emitir sentencia revocatoria del dictamen apelado.

### I

La Regla 39.2 (a) provee que si el demandante dejare de cumplir con estas reglas, o con cualquier orden, el tribunal a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier

271

reclamación contra él. Ahora bien, es principio claro que tal poder discrecional de desestimar una demanda se debe ejercer juiciosa y apropiadamente. *Maldonado v. Secretario de Recursos Naturales,* 113 D.P.R. 494 (1982). Se ha resuelto reiteradamente que la desestimación de un pleito sin ir a sus méritos como medio de sanción debe ser el último recurso a utilizarse después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y en todo caso no debería procederse a ella sin un previo apercibimiento. *Ramírez de Arellano v. Secretario de Hacienda,* 85 D.P.R. 23 (1962); *Garriga Gordils v. Maldonado Colón,* 109 D.P.R. 817 (1980). Además, la desestimación de un pleito bajo la Regla 39.2 debe prevalecer únicamente en casos extremos al quedar expuesto el desinterés y el abandono total de la parte de su caso. *Arce v. Club Gallístico,* 105 D.P.R. 305 (1976). Como bien expresara el Tribunal Supremo en el caso normativo de *Maldonado, supra.*

*"Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicable, amerita la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo después que la parte haya sido debidamente informada y/o (sic) apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida."*

Reiteramos, no obstante, que la desestimación de la demanda debe ser el último recurso a utilizarse y ello cuando es evidente que otras sanciones resultan inoficiosas; es patente el desinterés y el abandono del caso por una parte y se ha advertido a la parte de la situación y de las consecuencias que puede tener que la misma no sea corregida. *Amaro González v. First Federal,* 134 D.P.R. ___ (1993), **93 J.T.S. 46,** resuelto el 30 de marzo de 1993; *Arce, supra; Maldonado, supra.*

## II

Al examinar ahora la sentencia recurrida a la luz de los principios antes reseñados encontramos que la parte demandante presentó en tiempo suficientes excusas para justificar su incomparecencia y demostrar interés en la causa de acción instada. Además, la realidad es que hay ausencia de un apercibimiento previo sobre la sanción drástica a imponerse para el caso del incumplimiento con las órdenes del tribunal. En tales circunstancias, el incumplimiento que dio base a la sanción impuesta no alcanza el abandono total del caso, ni la apertura del caso ocasiona perjuicio a los demandados-apelados. Por consiguiente, el dictamen que es objeto de impugnación no puede prevalecer.

## III

Por los fundamentos antes expuestos, se dicta sentencia para revocar el dictamen apelado. Por tal razón se deja sin efecto la sentencia dictada el 27 de enero de 1999 y se ordena la reinstalación de los procedimientos y la continuación del trámite en forma consistente con lo aquí expuesto.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General