ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MR CONDADO OPPORTUNITY ZONE FUND. LLC<br><br>Apelado<br><br>v.<br><br>ALMAVIVA RESTAURANT, LLC Y OTROS<br><br>Apelante | KLAN202400640 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.: SJ2023CV04678<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Juez Ortiz Flores, el Juez Rivera Torres, la Juez Rivera Pérez y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de septiembre de 2024.

Comparece la parte demandada y apelante, conformada por Almaviva Restaurant, LLC (Almaviva Restaurant), Almaviva Group, LLC (Almaviva Group) y el Sr. Carlos M. Aponte Nieves (señor Aponte Nieves). Solicita la revocación de la *Sentencia* dictada en rebeldía, emitida y notificada el 6 de junio de 2024, por el Tribunal de Primera Instancia, Sala de San Juan (TPI). En el aludido pronunciamiento, el TPI declaró con lugar la *Demanda* interpuesta por la parte demandante y apelada, MR Condado Opportunity Zone Fund LLC (Condado). En consecuencia, condenó a los comparecientes a pagar la suma de $122,400.00.

**I.**

La causa presente se inició el 18 de mayo de 2023, ocasión en que Condado instó una *Demanda* de cobro de dinero contra Almaviva Restaurant, Almaviva Group y el señor Aponte Nieves, en calidad de garantizador solidario de las obligaciones contraídas por Almaviva Restaurant.[1] Alegó que Almaviva Restaurant incumplió un acuerdo contractual por el arrendamiento de un espacio comercial,

---

[1] Apéndice de la parte apelada, págs. 1-36.

Número Identificador

SEN2024 _____

sito en San Juan.[2] Condado adujo que, a raíz de dicho incumplimiento, Almaviva Group suscribió un acuerdo transaccional, mediante el cual se pactó dar por terminado el contrato de arrendamiento, el desalojo del inmueble y el pago de $126,000.00 sobre rentas adeudadas.[3] Debido al imputado incumplimiento, Condado reclamó extrajudicialmente y sin resultados la acreencia, por lo que incoó la acción judicial del título.[4]

La parte demandada contestó en conjunto la reclamación dineraria y reconvino.[5] En esencia, sostuvo que su incumplimiento fue posterior al de Condado. Añadió que aceptó de buena fe la entrega del local; empero, negó la deuda toda vez que incurrió en una inversión mayor al pago del arrendamiento. En cuanto al señor Nieves Aponte, aseveró que "nada tiene que ver con este asunto".[6] En su *Reconvención*, la parte demandada alegó daños económicos presuntamente causados por la culpa y negligencia de Condado. Reclamó el pago de $1,050,000.00.

Condado presentó su alegación responsiva.[7] Indicó que las alegaciones adolecían de especificidad. En general, rechazó incumplimiento alguno de su parte y adujo que los daños alegados no fueron notificados de la manera y forma pactada en el contrato de arrendamiento. Luego, la parte demandada presentó una *Reconvención Enmendada*, en la que detalló sus contenciones y los montos de los daños alegados.[8]

Observados varios incidentes procesales, en lo que atañe a este caso, los litigantes presentaron el *Informe para el Manejo de Caso*;[9] y el TPI emitió una *Orden* en la que instruyó a las partes a

---

[2] Apéndice de la parte apelada, págs. 7-22.
[3] Apéndice de la parte apelada, págs. 25-27.
[4] Apéndice de la parte apelada, págs. 28-30.
[5] Apéndice de la parte apelante, págs. 9-12.
[6] Apéndice de la parte apelante, pág. 9, acápite 5.
[7] Apéndice de la parte apelante, págs. 50-56.
[8] Apéndice de la parte apelante, págs. 96-97.
[9] Apéndice de la parte apelante, págs. 71-78.

enviar los interrogatorios en las fechas indicadas en el *Informe.*[10] A esos efectos, el 11 de diciembre de 2023, Condado informó al TPI que el día 7 anterior envió a la parte demandada un *Primer Pliego de Interrogatorios* y un *Requerimiento de Producción de Documentos* a ser contestados por escrito y por separado.[11] Posteriormente, surge del expediente que el TPI intervino y concedió a la parte demandada hasta el 29 de febrero de 2024 para notificar el descubrimiento de prueba solicitado.[12]

La parte demandada no sometió sus contestaciones. Por consiguiente, a solicitud de Condado,[13] el 11 de marzo de 2024, el TPI notificó a las partes y a los representantes legales la imposición a la parte demandada de una sanción de $500.00 a pagar en un plazo de diez días, so pena de sanciones adicionales.[14]

Horas después, en la misma fecha, la parte demandada informó al TPI que había enviado su contestación al descubrimiento de prueba.[15] El TPI tomó conocimiento del cumplimiento.[16] Empero, las contestaciones únicamente correspondieron a las del señor Aponte Nieves, por lo que Condado apuntó a que el cumplimiento fue parcial.[17]

Entonces, ante la inobservancia de Almaviva Restaurant y Almaviva Group de someter por separado las contestaciones del interrogatorio y producir los documentos requeridos, el 14 de marzo de 2024, el TPI notificó a las partes y a sus abogadas un nuevo término hasta el 18 de marzo de 2024 para remitir el descubrimiento de prueba, so pena de eliminar sus alegaciones y condenarle al pago

---

[10] Véase, entrada 39 de 8 de diciembre de 2023, en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[11] Apéndice de la parte apelante, págs. 79-80.
[12] Apéndice de la parte apelada, págs. 56-57 (*Minuta* de la vista celebrada el 8 de febrero de 2024).
[13] Apéndice de la parte apelante, págs. 123-131; 160-163.
[14] Apéndice de la parte apelada, págs. 58-60.
[15] Apéndice de la parte apelante, pág. 165.
[16] Apéndice de la parte apelada, págs. 61-62.
[17] Apéndice de la parte apelante, págs. 166-168.

de costas y honorarios de abogado.[18] Vencido el término y visto el incumplimiento,[19] el 20 de marzo de 2024, el TPI eliminó las alegaciones de Almaviva Restaurant y Almaviva Group. Ordenó también el pago de $1,000.00 en honorarios a favor de Condado.[20]

A petición de Condado,[21] el 21 de marzo de 2024 y notificada el día 25 siguiente, el TPI emitió una *Sentencia Parcial* mediante la cual desestimó la *Reconvención Enmendada,* por el incumplimiento del descubrimiento de prueba.[22] Allí determinó también que de la referida *Reconvención Enmendada* no surgían alegaciones ni reclamaciones realizadas por el señor Aponte Nieves. El dictamen no fue impugnado.

Ahora, en cuanto a la falta del pago de la sanción impuesta a la parte demandada, el 25 de marzo de 2024, el TPI notificó a las abogadas litigantes otra *Orden* para conceder un nuevo plazo de diez días, so pena de sanciones adicionales.[23] Transcurrido el término sin que se hubiera satisfecho la sanción económica, el TPI reiteró su mandamiento el 8 de abril de 2024. Esta vez, además, aumentó la sanción en otros $500.00 para su pago en diez días.[24] El dictamen no fue notificado a las partes.

Nuevamente, la parte demandada dejó de satisfacer la penalidad. En respuesta, el 19 de abril de 2024, el TPI notificó a las respectivas representaciones legales la imposición de otros $200.00 como sanción a la parte demandada y un término de veinte días para su pago, sujeto a la anotación de rebeldía.[25] Así, pues, el 10 de

---

[18] Apéndice de la parte apelada, págs. 63-65.
[19] Apéndice de la parte apelante, págs. 170-172.
[20] Apéndice de la parte apelante, pág. 173.
[21] Apéndice de la parte apelante, págs. 174-178.
[22] Apéndice de la parte apelada, págs. 66-69; sin hoja de notificación, Apéndice de la parte apelante, págs. 179-180.
[23] Apéndice de la parte apelante, pág. 181.
[24] Apéndice de la parte apelada, págs. 70-72; sin hoja de notificación, Apéndice de la parte apelante, pág. 182.
[25] Apéndice de la parte apelante, pág. 183.

mayo de 2024, el TPI notificó a las partes y a sus abogadas la anotación de rebeldía.[26]

Oportunamente, la parte demandada instó *Urgente Solicitud de Reconsideración de Orden del 10 de mayo de 2024*.[27] Ripostó que el señor Nieves Aponte había cumplido con responder al descubrimiento de prueba. Por ello, razonó que la rebeldía únicamente debía anotarse a Almaviva Restaurant y a Almaviva Group. Condado se opuso.[28]

El TPI notificó una *Orden* el 16 de mayo de 2024, en la que aclaró que la sanción original de $500.00 de 11 de marzo de 2024 fue dirigida a todos los demandados, incluyendo al señor Nieves Aponte.[29]

> [...] No obstante, se señala que la sanción de $500.00 impuesta originalmente mediante *Orden* del 11 de marzo de 2024 fue a todos los demandados, incluyendo a Carlos M. Aponte Nieves (Véase entrada 71 de SUMAC). A esta fecha no surge que el demandado Carlos Aponte haya pagado la sanción. Tampoco surge que se haya solicitado la reconsideración de la [O]rden del 11 de marzo de 2024 o algún tipo de aclaración en relación a lo ordenado.

Al día siguiente, el TPI notificó una *Resolución*, mediante la cual declaró no ha lugar el escrito de reconsideración. Particularizó que la imposición de la pena dineraria se debió al incumplimiento inicial con el descubrimiento de prueba, aunque el señor Nieves Aponte lo remitiera con posterioridad.[30]

El 20 de mayo de 2024, la parte demandada satisfizo las sanciones de $1,200.00 y remitió el recibo de pago.[31] El TPI dio por cumplida su orden del pago de sanciones.[32]

---

[26] Apéndice de la parte apelante, pág. 185.
[27] Apéndice de la parte apelante, págs. 191-194.
[28] Apéndice de la parte apelante, págs. 197-200.
[29] Apéndice de la parte apelante, pág. 201.
[30] Apéndice de la parte apelada, págs. 74-76; sin hoja de notificación, Apéndice de la parte apelante, págs. 202-203.
[31] Apéndice de la parte apelante, págs. 204-206; véase, entradas 97-98 en el SUMAC.
[32] Apéndice de la parte apelante, pág. 207.

El 3 de junio de 2024, Condado interpuso *Moción de Sentencia en Rebeldía*.[33] En el escrito, resumió varios incidentes procesales, alegó que la parte demandada no había recurrido la anotación de rebeldía y peticionó que se dispusiera del pleito a su favor, sin necesidad de una vista en su fondo de conformidad con la Regla 45.2 de Procedimiento Civil, *infra*.

El 6 de junio de 2024, el TPI notificó la *Sentencia* aquí impugnada, la cual reproducimos.[34]

> El caso de epígrafe versa sobre una demanda de cobro de dinero presentada el 18 de mayo de 2023. Luego de varios trámites procesales y ante el incumplimiento con las órdenes del Tribunal, el 19 de marzo de 2024 le fueron eliminadas las alegaciones a las codemandadas Almaviva Restaurant[, LLC] y Almaviva Group, LLC. Posteriormente ante el reiterado incumplimiento de la parte demandada y conforme fueron apercibidos, el 10 de mayo de 2024 el Tribunal les anotó la rebeldía a los demandados.

> A solicitud de la parte demandante y evaluada la prueba documental presentada y vistas además las disposiciones de la Regla 45.1 de Procedimiento Civil (32 L.P.R.A. App. III, R. 45.1) [*sic*], se declara Ha lugar la demanda.

> Cónsono con ello, se condena a la parte demandada a pagar a la parte demandante la suma de **$122,400.00**, más $1,000.00 por concepto de honorarios de abogado; más las costas y gastos del litigio sujeto al cumplimiento con la Regla 44.1 de Procedimiento Civil. La suma de estas cantidades habrá de devengar un interés al 9.50% según dispuesto por el Comisionado de Instituciones Financieras.

> Se deja sin efecto la vista de conferencia con antelación a juicio del 18 de diciembre de 2024. (Énfasis en el original).

Insatisfecha, la parte demandada acudió ante nos y esbozó los siguientes señalamientos de error:

> A. Erró crasamente el TPI al imponerle sanciones al codemandado Aponte-Nieves a pesar de que éste cumplió con la orden de contestar los interrogatorios.

> B. Erró el TPI al tratar a las tres partes codemandadas como si fuesen una sola parte por el único hecho de tener la misma representante legal. Son tres partes codemandadas.

---

[33] Apéndice de la parte apelante, págs. 208-220.
[34] Apéndice de la parte apelante, págs. 1-2.

C. Erró crasamente el TPI al anotarle la rebeldía al codemandado Aponte-Nieves a pesar de que éste no fue la parte que violentó la orden del Tribunal de no contestar los interrogatorios y que provocó la imposición de sanciones.

D. Erró el TPI al incumplir la Regla 39.2 (a) de Procedimiento Civil al anotar la rebeldía a las demandadas. El TPI no cumplió con notificar directamente a las partes ni apercibirlas sobre que se había impuesto sanciones a la abogada y que de no cumplir con pagar las sanciones se estaría anotando la rebeldía.

E. Incurrió en error el TPI al desestimar la *Reconvención Enmendada* a pesar de que las alegaciones del codemandado Aponte-Nieves, como garantizador de las entidades codemandadas, eran las mismas según surge de sus contestaciones a la *Demanda* y de la *Reconvención Enmendada.* Al tratarse de los mismos hechos, el garantizador tiene derecho a las mismas defensas y alegaciones.

F. Incurrió en error el TPI al dictar la *Sentencia* apelada en rebeldía sin cumplir con la Regla 45.2 (b) al no haber celebrado vista a pesar de existir controversias que requerían adjudicación de credibilidad.

El 2 de agosto de 2024, Condado presentó su *Alegato en Oposición a Petición de Apelación.* Con el beneficio de su comparecencia, resolvemos.

**II.**

**A.**

Tal como surge de su título, la Regla 34 de Procedimiento Civil, 32 LPRA Ap. V, R. 34, *Controversias en torno al descubrimiento; negativa a descubrir lo solicitado y sus consecuencias,* establece el procedimiento que las partes y el tribunal deben seguir ante una controversia con el descubrimiento de prueba. Esta reglamentación civil postula las consecuencias para la parte que se rehúsa a cumplir con una orden del tribunal dirigida a remediar la negativa de descubrir lo solicitado. *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 818-819 (2023). De conformidad con las Reglas 34.1 y 34.2 de Procedimiento Civil, 32 LPRA Ap. V, Rs. 34.1-34.2, cuando se traba una controversia relacionada con el descubrimiento de prueba, a su discreción, el tribunal podrá dictar una orden para obligar a una

KLAN202400640                                                      8

parte a que descubra prueba. Ello así, si la parte interesada presenta una moción en la que certifique que realizó los esfuerzos razonables y de buena fe para resolver los asuntos que planteó en el escrito y que, a pesar de ello, no alcanzó un resultado satisfactorio con la representación legal de la parte adversa.

En particular, la negativa de obedecer una orden para descubrir prueba está regulada por la Regla 34.3(b)(3) de Procedimiento Civil, 32 LPRA Ap. V, R. 34.3(b)(3), que estatuye, en lo pertinente, lo siguiente:

> (b) *Otras consecuencias*. **Si una parte** o un(a) funcionario(a) o agente administrador(a) de una parte, o una persona designada para testificar a su nombre según disponen las Reglas 27.6 o 28 de este apéndice, **deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba**, incluyendo una orden bajo las Reglas 32 y 34.2 de este apéndice, **el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas**; entre ellas las siguientes:
>
> .      .      .      .      .      .      .      .
>
> (3) Una **orden para eliminar alegaciones** o parte de ellas, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, o para desestimar el pleito o procedimiento o cualquier parte de ellos, o **para dictar una sentencia en rebeldía contra la parte que incumpla**. (Énfasis nuestro).
>
> .      .      .      .      .      .      .      .

Ciertamente, la eliminación de las alegaciones y la rebeldía constituyen una severa sanción para la parte que declina obedecer una orden para descubrir prueba. *HRS Erase v. CMT*, 205 DPR 689, 700 (2020); *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1050 (1993). Según se desprende de la norma procesal, la imposición de estas sanciones debe obedecer a "órdenes que sean justas", ya que la ausencia de tal justicia equivaldría a un abuso de discreción. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 590 (2011), reiterado en *Mitsubishi Motor v. Lunor y otros*, *supra*, págs. 819-820.

> Por tal razón, antes de ordenar la desestimación del pleito o la eliminación de las alegaciones, el tribunal tiene que ejecutar el orden de prelación que establece la Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V.[35]

---

[35] Véase *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982).

Primero, **el tribunal tiene que apercibir de la situación a la representación legal de la parte y concederle la oportunidad para responder**. Si el representante legal no responde al apercibimiento, el tribunal le impondrá sanciones y **notificará directamente a la parte sobre el asunto**.[36] Una vez que la parte haya sido informada o apercibida de la situación y de las consecuencias que el incumplimiento conlleva, deberá corregirla dentro del término que el tribunal de instancia le conceda. El plazo conferido será razonable y, salvo que las circunstancias del caso lo justifiquen, no será menor de treinta días. Si la parte no toma acción correctiva al respecto, "nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas".[37] **Cumplido este trámite, el tribunal se encontrará en posición para imponer la sanción que corresponda**. (Énfasis nuestro). *Mitsubishi Motor v. Lunor y otros*, *supra*, pág. 820.

El Tribunal Supremo ha pronunciado que la supresión de las alegaciones de la parte demandada por virtud de la Regla 34.3(b)(3), *supra*, conlleva directamente a la sanción de la sentencia en rebeldía. *Id.*, pág. 831. Ello así, porque "el equivalente procesal de la eliminación de todas las alegaciones de la parte demandada *es como si ésta no hubiera contestado alegación alguna y se allanara al litigio presentado en su contra*". (Énfasis en el original). *Id.*, pág. 830.

**B.**

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1 gobierna la anotación de rebeldía. En su parte pertinente, enuncia que "[e]l tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3) de este apéndice". *Id.* Esta "anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b) de este apéndice".[38] *Id.* La

---

[36] *HRS Erase v. CMT, supra.*

[37] *HRS Erase v. CMT, supra,* pág. 702. Véanse: *Maldonado v. Srio. de Rec. Naturales, supra,* pág. 498; *Echevarría Jiménez v. Sucn. Pérez Meri,* 123 DPR 664, 673-674 (1989); *Acevedo v. Compañía Telefónica de P.R.*, 102 DPR 787, 791 (1974); *Arce v. Club Gallístico de San Juan,* 105 DPR 305 (1976); *Garriga Gordils v. Maldonado Colón,* 109 DPR 817, 822–823 (1980).

[38] Reza la 45.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 45.2(b).
  (b) *Por el tribunal.* En todos los demás casos, la parte con derecho a una sentencia en rebeldía la solicitará del tribunal, pero no se dictará sentencia en rebeldía contra una persona menor o una persona incapacitada a menos que estén representadas por el padre, la madre, el tutor o la tutora, el defensor o la defensora judicial u otro u otra representante que haya comparecido en el

norma procesal, pues, autoriza al tribunal a anotar la rebeldía como sanción cuando la parte demandada "se niega a descubrir su prueba después de habérsele requerido mediante los métodos de descubrimiento de prueba, o simplemente cuando una parte ha incumplido con alguna orden del tribunal". *Mitsubishi Motor v. Lunor y otros*, *supra*, págs. 823-824, que cita a *Rivera Figueroa v. Joe's European Shop*, supra, pág. 588. Tan pronto se declara la rebeldía "se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde y se autoriza al tribunal para que dicte sentencia, si esta procede como cuestión de derecho". *Rivera Figueroa v. Joe's European Shop*, *supra,* pág. 590, reiterado en *Mitsubishi Motor v. Lunor y otros*, *supra*, pág. 824.

### III.

En la causa del título, en los errores **A** y **B**, la parte apelante alega que el TPI incidió al imponerle sanciones al señor Aponte Nieves, a pesar de que éste cumplió con la orden de contestar los interrogatorios. Añade que fue un error del TPI tratar a las partes apelantes como si fuesen una sola por el único hecho de tener la misma representación legal.

Del expediente que revisamos surge que, el 11 de diciembre de 2023, Condado informó al TPI el envío del *Primer Interrogatorio*, el cual debía ser contestado de forma separada por Almaviva Restaurant, Almaviva Group y el señor Aponte Nieves. No obstante, al 8 de febrero de 2024, ocasión en que se celebró la conferencia inicial, los apelantes no habían remitido sus contestaciones. Por ello, el TPI les concedió un plazo hasta el día 29 siguiente. Como

---

pleito. Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta, determinar el importe de los daños, comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado o una comisionada. Cuando la parte contra la cual se solicita una sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre.

dicha orden no fue cumplida, el 11 de marzo de 2024, a las 12:08:14 pm, el TPI notificó a las partes y a sus abogadas la sanción de $500.00 a ser pagadas en un plazo de diez días y advirtió la imposición de más sanciones. Horas más tarde de este dictamen, a las 3:18:02 pm, el señor Aponte Nieves informó al TPI su cumplimiento ese mismo día.

Nótese que la primera sanción de $500.00 se debió al incumplimiento inicial, tanto de Almaviva Restaurant y Almaviva Group, como del señor Aponte Nieves. De hecho, el cumplimiento del señor Aponte Nieves con el descubrimiento de prueba fue posterior a la imposición de la pena dineraria. Éste tampoco solicitó que lo relevaran de la medida punitiva ni satisfizo el monto impuesto.

De otra parte, si bien el TPI se ha referido a la parte demandada de forma conjunta, al igual que ésta ha comparecido de esa manera, estimamos que el foro primario ha sabido diferenciar a las personas jurídicas de la persona natural. A modo de ejemplo, cuando eliminó las alegaciones de la *Reconvención Enmendada*, el TPI claramente distinguió entre los apelantes y determinó que no existían alegaciones del señor Nieves Aponte en contra de Condado. Por lo tanto, somos del criterio que ambos señalamientos de error no se cometieron, ya que la sanción contra el señor Aponte Nieves, en efecto, se debió a su incumplimiento inicial y no a que el TPI fallara en diferenciar a las partes que conforman a los demandados y apelantes.

En los señalamientos **C** y **D**, la parte apelante aduce que la anotación de rebeldía del señor Aponte Nieves no procede debido a que éste contestó los interrogatorios y a que el TPI no cumplió con apercibir directamente a las partes la imposición de las sanciones ni sus consecuencias.

Como señalamos, el señor Aponte Nieves estaba compelido a satisfacer la sanción de $500.00 toda vez que observó un incumplimiento inicial al descubrimiento de prueba. Ahora, opinamos que, con relación al señor Aponte Nieves, al advertir la sanción de la anotación de rebeldía por no pagar oportunamente la pena impuesta, el TPI no observó el procedimiento provisto por el ordenamiento procesal.

Según esbozamos, previo a la imposición de las sanciones que provee la Regla 34.3(b)(3), como la anotación de rebeldía, el TPI debe apercibir de la situación a la representación legal de la parte y concederle la oportunidad para que responda a los requerimientos. De ésta insistir en su incumplimiento, entonces, el TPI puede imponer las sanciones, pero debe notificar directamente a la parte sobre las incidencias. De esta manera, la parte está advertida de la orden y el plazo que debe cumplir, la sanción que está obligada a satisfacer, así como de las consecuencias que puede conllevar el incumplimiento. Una vez se ha realizado este trámite, el TPI está facultado para imponer la sanción que corresponda, según lo apercibido. Véase, Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(a).

En este caso, el hecho que el señor Aponte Nieves incurriera en la dilación de remitir sus contestaciones a la parte apelada le mereció la sanción de $500.00 de la cual fue debidamente notificado el 11 de marzo de 2024. Sin embargo, los dictámenes relacionados con la falta de pago, que culminó con el incremento de las sanciones en $500.00 adicionales (*Orden* de 8 de abril de 2024); junto a otro pronunciamiento que aumentó la sanción con otros $200.00 y la advertencia de que la inobservancia acarrearía la anotación de rebeldía (*Orden* de 19 de abril de 2024) no fueron notificados directamente al señor Aponte Nieves. Por ello, es forzoso colegir que erró el TPI al anotar la rebeldía del señor Aponte Nieves. Recuérdese,

además, que aun cuando la anotación de rebeldía se notificó al apelante el 10 de mayo de 2024, al día 16 siguiente, el TPI debió aclarar que el apelante estaba incluido en la sanción dictada el 11 de marzo de 2024.

Es decir, si bien el TPI realizó las debidas notificaciones a las partes, previo a eliminar las alegaciones de Almaviva Restaurant y a Almaviva Group de su *Reconvención Enmendada*, lo cierto es que no observó con la rigurosidad esperada la Regla 39.2(a), *supra*, en cuanto al señor Aponte Nieves y la anotación de rebeldía contra éste. El apelante no fue apercibido como parte del pleito del incremento de las sanciones de $500.00 a $1,200.00 y mucho menos de la advertencia de la anotación de rebeldía. Incluso, antes que culminara el término para recurrir la *Resolución* de 17 de mayo de 2024, en la que el TPI declaró sin lugar la reconsideración del apelante para que se le relevara de la anotación de rebeldía, ya se había emitido el dictamen apelado de 6 de junio de 2024.

En suma, resolvemos que, en el caso del señor Aponte Nieves, los dictámenes de 8 y 19 de abril de 2024 no son vinculantes al no haber sido notificados a él directamente, por lo que se justifica el relevo de la anotación de rebeldía. Al arribar a esta decisión, el señalamiento de error **F**, que versa sobre la omisión de la celebración de una vista, no amerita nuestra intervención.

En cuanto al señalamiento de error **E**, debemos acentuar que la *Sentencia Parcial* mediante la cual el TPI desestimó la *Reconvención Enmendada* fue notificada el 25 de marzo de 2024. La determinación judicial no fue objeto de una solicitud de reconsideración ni de un recurso apelativo, por lo que advino final, firme e inapelable. Recuérdese que, distinto a la posición del señor Aponte Neves, a Almaviva Restaurant y a Almaviva Group se les eliminaron sus alegaciones mediante la desestimación de la *Reconvención Enmendada*, lo que dio paso a la procedencia del

dictamen en rebeldía en su contra. *Mitsubishi Motor v. Lunor y otros, supra.*

**IV.**

Por los fundamentos expuestos, confirmamos en parte la *Sentencia* apelada, a los únicos efectos de su aplicación a Almaviva Restaurant, LLC y a Almaviva Group, LLC. Revocamos la anotación de rebeldía en contra del Sr. Carlos M. Aponte Nieves. En consecuencia, devolvemos la causa del epígrafe ante el Tribunal de Primera Instancia, Sala de San Juan, para la continuidad de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones