ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| RUTH MALDONADO RAMOS Y OTROS<br><br>Apelantes<br><br>v.<br><br>MUNICIPIO DE FAJARDO Y OTROS<br><br>Apelados | TA2025AP00718 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: FA2024CV00500<br><br>Sobre: Caída |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de febrero de 2026.

Comparece mediante un recurso apelativo la parte demandante y apelante, Víctor Rosa Serrano, Ruth Maldonado Ramos y la Sociedad Legal de Gananciales por ambos conformada (SLG Rosa-Maldonado). Impugna la *Sentencia* emitida y notificada el 10 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI). En el referido dictamen, el TPI desestimó sin perjuicio la reclamación civil ante sí, al palio de la Regla 39.2 (a) de Procedimiento Civil, *infra*, debido a que la SLG Rosa-Maldonado no satisfizo una sanción de $200.00. Revocamos.

**I.**

El presente caso se inició el 30 de mayo de 2024, ocasión en que la SLG Rosa-Maldonado instó una *Demanda* de daños y perjuicios, contra las partes demandadas y apeladas, el Municipio de Fajardo (Municipio) y la Autoridad de Acueductos y Alcantarillados (AAA).[1] En síntesis, se alegó que doña Ruth, en compañía de don Víctor, sufrió una caída al intentar bajar de su vehículo —estacionado al borde de una acera en la calle Celis Aguilera de Fajardo— ya que su pie se hundió en un contador de la AAA, el cual no

---

[1] Entrada 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

tenía tapa y estaba cubierto de aguas negras. El Municipio y la AAA instaron sus respectivas alegaciones responsivas.[2]

Por su parte, el Hon. Carlos Sánchez Román instruyó a los litigantes al cumplimiento de la Regla 37.1 de Procedimiento Civil;[3] y éstos sometieron el *Informe para el manejo de caso*.[4] Atendida una moción para la transferencia de la conferencia inicial, instada por la AAA, la referida audiencia se celebró el 13 de enero de 2025.[5] Posteriormente, se llevó a cabo una vista de estado de los procedimientos, en la que se señaló la conferencia con antelación al juicio para el 18 de julio de 2025.[6] No obstante, sin "intención [de] retrasar o dilatar el procedimiento", la SLG Rosa-Maldonado solicitó la conversión de la audiencia a una de estado de los procedimientos, ya que entre otras cosas el informe pericial no estaba concluido.[7] El TPI accedió.[8]

Así las cosas, el TPI dictó y notificó una *Orden* el 18 de julio de 2025 para dejar sin efecto el señalamiento pautado. Según surge del documento, se debió a motivos de salud de la representación legal de la SLG Rosa-Maldonado. En el mismo pronunciamiento, se ordenó a las partes a que, en el término de diez días, presentaran una moción conjunta, con el fin de informar su disponibilidad para celebrar la conferencia con antelación al juicio el 29 de septiembre, el 2 o el 3 de octubre de 2025.[9] Sin embargo, los contendientes no cumplieron y, durante tres meses y medio, el caso no reflejó actividad alguna.[10]

Entonces, el 3 de noviembre de 2025, transcurrido en exceso el plazo compelido y las fechas sugeridas por el TPI para el cónclave, un magistrado

---

[2] Entradas 12 y 19 SUMAC. Cabe señalar que la SLG rosa-Maldonado solicitaron que se le anotara la rebeldía a la AAA, pero el TPI declaró la petición sin lugar; véanse, entradas 17-18 y 26.
[3] Entrada 16 SUMAC.
[4] Entrada 21 SUMAC.
[5] Entradas 27-29 SUMAC.
[6] Entrada 31 SUMAC.
[7] Entrada 37 SUMAC.
[8] Entrada 38 SUMAC.
[9] Entrada 39 SUMAC.
[10] Nótese que la Regla 39.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, provee para la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente.

distinto, Hon. José Marrero Pérez, impuso a todas las partes una sanción de $200.00, a ser satisfecha en o antes del 7 de noviembre de 2025, "so pena de desestimación del caso o la anotación de rebeldía".[11] Además, el TPI acotó que el 28 de noviembre de 2025 se presentara el *Informe de conferencia con antelaciones a juicio*, el cual debía incluir la valoración de daños. Consignó también que lo dispuesto era de cumplimiento estricto. La penalidad fue notificada únicamente a los correos electrónicos de la representación legal de los litigantes, a saber: Lcdo. Ángel Miguel García Prado y Lcda. Delma L. Berríos Mercado (SLG Rosa-Maldonado), Lcdo. Esteban Mujica Cotto (AAA) y Lcda. Sofía I. Rodríguez Rosselló (Municipio).

El Municipio y la SLG Rosa Maldonado solicitaron infructuosamente la reconsideración de la sanción.[12] La representación legal del ayuntamiento explicó que el atraso fue involuntario, causado por circunstancias personales de la representación de la AAA. De otro lado, a través de su abogado, la SLG Rosa-Maldonado abogó sin éxito por una reducción de la penalidad, debido a sus ingresos limitados, ya que ambos son personas pensionadas por la Administración del Seguro Social.

La AAA pagó la sanción;[13] al igual que el Municipio,[14] no así la SLG Rosa-Maldonado. Consiguientemente, el 10 de noviembre de 2024, el TPI desestimó sin perjuicio la *Demanda*.[15] Fundamentó su decisión en la Regla 39.2 (a) de Procedimiento Civil, *infra*, pero citada parcialmente. El dictamen desestimatorio tampoco se notificó a los demandantes. La SLG Rosa-Maldonado instó una *Solicitud de reconsideración*.[16] En ésta, reprodujo en su totalidad la norma procesal e ilustró al TPI sobre el ordenamiento, destacando el requerimiento de apercibir directamente a la parte, antes de proceder con la desestimación de la causa. Empero, el TPI declaró no ha

---

[11] Entrada 40 SUMAC.
[12] Entradas 41-44 SUMAC.
[13] Entradas 45-47 SUMAC.
[14] Entradas 48-49, 51-53 SUMAC.
[15] Entrada 50 SUMAC.
[16] Entrada 54 SUMAC.

lugar el petitorio, lo que notificó a los abogados el 26 de noviembre de 2025.[17]

No conteste, la SLG Rosa-Maldonado acudió en *Apelación* ante nos el 29 de diciembre de 2025 y señaló los mismos errores planteados en la solicitud denegada, los cuales reproducimos a continuación:[18]

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA COMO MECANISMO DE SANCIÓN Y CASTIGO, POR EL PRIMER INCUMPLIMIENTO CON UNA ORDEN SIN NOTIFICAR LA ORDEN SOBRE UNA SANCIÓN **DIRECTAMENTE A LA PARTE** COMO EXIGE LA REGLA 39.2 (a) DE PROCEDIMIENTO CIVIL Y LA CASUISTICA INTERPRETATIVA, *HRS ERASE, INC, V. CENTRO MÉDICO DEL TURABO, INC., 205 D.P.R. 689.*
>
> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA COMO MECANISMO DE SANCI[Ó]N Y CASTIGO, POR EL PRIMER INCUMPLIMIENTO CON UNA ORDEN SOBRE UNA SANCIÓN **SIN NOTIFICAR LA ORDEN DIRECTAMENTE A LA PARTE**, VIOLANDO FLAGRANTEMENTE EL DERECHO CONSTITUCIONAL A SER O[Í]DO, *SOCIETE INTERNATIONALE V. ROGERS*, 357 US 197 (1958).
>
> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA COMO CASTIGO O SANCIÓN CUANDO LA ORDEN PREVIA DEL 18 DE JULIO DE 2025 [ENTRADA SUMAC 39] **NUNCA LE ADVIRTIÓ NI APERCIBIÓ A LAS PARTES QUE SU INCUMPLIMIENTO PODRIA CONLLEVAR LA SEVERA SANCIÓN DE LA DESESTIMACIÓN**, *HRS ERASE, INC, V. CENTRO MÉDICO DEL TURABO, INC.*, 205 D.P.R. 689.

El 16 de enero de 2026, notificamos una *Resolución*, mediante la cual concedimos a las partes apeladas un plazo de 30 días, <u>siguientes a la presentación del escrito de apelación</u>, para presentar los alegatos correspondientes. Transcurrido el término en exceso arribado el 28 de enero de 2026, el Municipio y la AAA no instaron escrito alguno. Sin el beneficio de sus comparecencias, procedemos a resolver.

**II.**

La Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, gobierna lo relativo a la desestimación de los pleitos. Así reza:

---

[17] Entrada 55 SUMAC.
[18] Énfasis en el original.

Regla 39.2. Desestimación.

(a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

. . . . . . . .

Como se sabe "la desestimación de un caso como sanción, debe prevalecer únicamente en situaciones extremas en las cuales *haya quedado demostrado de manera clara e inequívoca la desatención y el abandono total de la parte con interés* […]". (Bastardillas en el original). *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217, 222 (2001); *Ramírez de Arellano v. Srio. de Hacienda,* 85 DPR 823, 829-830 (1962). Véanse, además, *Acevedo v. Club Gallístico de San Juan,* 105 DPR 305, 307-308 (1976); *Garriga Gordils v. Maldonado Colón,* 109 DPR 817, 822-823 (1980). Por ello, la norma transcrita y su jurisprudencia interpretativa especifican que, planteada una situación que amerite sanciones, en primera instancia, la penalidad se impone al abogado de la parte. Si este curso de acción no surte efecto, procederá la desestimación de la demanda o la eliminación de las alegaciones. *Mun. de Arecibo v. Almac. Yakima, supra,* págs. 222-223. Claro está, ello "*únicamente después que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que puede tener el que ésta no sea corregida*". (Bastardillas en el original). *Id.,* pág. 223

y la jurisprudencia allí citada. La razón principal para no imponer sanciones drásticas al cliente es que, de ordinario, la parte que ejercita su derecho en los tribunales no está enterada de todas las incidencias y trámites rutinarios. *Id.*, pág. 224.

En el normativo *HRS Erase v. CMT*, 205 DPR 689, 702 (2020), nuestro alto foro reiteró el procedimiento a seguir:

> No se puede desestimar un caso o eliminar las alegaciones de una parte ante un primer incumplimiento con las órdenes del tribunal. En cambio, para que tal orden sea justa, primeramente, el tribunal debe notificar y apercibir al abogado o a la abogada de su incumplimiento. Si la representación legal persiste en su incumplimiento, el tribunal deberá notificar directamente a la parte afectada de la situación y apercibirle de las consecuencias de ello. Una vez la parte conozca el trámite procesal de su causa de acción, el tribunal estará facultado para imponer la severa sanción de la desestimación o la eliminación de las alegaciones.

### III.

En esencia, la SLG Rosa-Maldonado alega que el TPI abusó de su discreción al desestimar la *Demanda*, ante un primer incumplimiento, sin notificarlos directamente de la sanción, ni apercibirlos sobre las consecuencias fatales de no satisfacer la penalidad impuesta. Por su estrecha relación, discutimos en conjunto los errores imputados.

Según reseñamos en el tracto procesal del caso, el 3 de noviembre de 2025, el TPI impuso una sanción de $200.00 a todas las partes por no responder a una *Orden* previa, la cual debió cumplirse el 29 de julio de 2025.[19] No obstante, ninguno de los pronunciamientos fue notificado directamente a los apelantes a su dirección postal; ni éstos fueron debidamente apercibidos de la drástica consecuencia de la desestimación de su causa por razón del incumplimiento y el impago.

Es harto conocido que, en situaciones en las que la representación legal de una parte desacata las órdenes del foro judicial, en primer lugar, se debe advertir al abogado de la parte de la situación y conceder una

---

[19] El plazo de diez días culminaba el 28 de julio de 2025, pero esa fecha correspondió a un día feriado.

oportunidad para que se exprese. Si ello no provoca una acción correctiva, el tribunal puede imponer sanciones a la representación legal, con notificación directa a la parte sobre la situación. A tal fin, el tribunal debe conceder a la parte un término razonable para corregir la coyuntura, que en ningún caso será menor de 30 días, salvo que las circunstancias justifiquen un plazo menor. Luego de que la parte haya sido debidamente informada de las consecuencias de la inacción y se cruce de brazos en el plazo otorgado, entonces, el tribunal puede ordenar la desestimación del pleito. Regla 39.2 (a) de Procedimiento Civil, *supra*.

Luego de un examen puntilloso del tracto procesal, según surge del expediente, resulta evidente que el TPI no acató lo dispuesto en la Regla 39.2 (a) de Procedimiento Civil, *supra*. Primeramente, no advirtió a los abogados de su primer incumplimiento, en observancia a la *Orden* de 18 de julio de 2025, por lo que éstos no tuvieron oportunidad de expresarse en cuanto al mismo, sino hasta las reconsideraciones interpuestas. En un ejercicio de discreción destemplada, el TPI procedió a sancionar a "**TODAS LAS PARTES**", en lugar de a los abogados, pretirió ordenar a la Secretaría para que notificara directamente a la SLG Rosa-Maldonado y no les concedió a éstos un plazo razonable para el pago de la penalidad. Tampoco los apelantes fueron debidamente apercibidos de las fatales consecuencias del impago en el brevísimo término dispuesto. Dicho esto, le correspondía al TPI llevar a cabo acciones proactivas para informar adecuadamente a la SLG Rosa-Maldonado antes de proceder con la desestimación de su causa de acción. Es decir, el TPI debió notificar a los apelantes a la dirección postal que consta en los autos.[20] Recuérdese que, en la mayoría de los casos, las partes no están enteradas de los trámites del pleito ni de las conversaciones entre los abogados cuando se les compele a presentar un escrito conjunto. Por el contrario, ante la falta de pago en el plazo expedito, sin más, el TPI desestimó sin perjuicio la *Demanda*. Decididamente, este

---

[20] Los primeros dos acápites de la *Demanda* comprenden los nombres de los demandantes, junto a sus idénticas direcciones postales.

acto es contrario a las disposiciones reglamentarias y constituye, a nuestro juicio, un abuso de discreción.

En virtud de todo lo anterior, resulta forzoso concluir que los errores señalados se cometieron. Por consiguiente, reinstalamos la acción torticera, toda vez que el TPI no dio estricto cumplimiento a las disposiciones de la Regla 39.2 (a) de Procedimiento Civil, *supra*, por lo cual no procedía la desestimación de la reclamación del epígrafe según decretada.

## IV.

Por los fundamentos expuestos, revocamos la *Sentencia* apelada. En consecuencia, retornamos el caso ante la consideración del Tribunal de Primera Instancia para la continuación de los procedimientos de la causa de acción, conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones