Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| María Eulalia Juarbe I Botella<br><br>Peticionaria<br><br>vs.<br><br>Sandra Liamar Silva Ruiz<br><br>Recurrida | KLCE202500264 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Civil Núm.: FA2021CV00692<br><br>Sobre: División de Comunidad Remanente |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**RESOLUCION**

En San Juan, Puerto Rico, a 22 de mayo de 2025.

Comparece ante nos la señora María Juarbe I Botella (en lo sucesivo, Sra. Juarbe I Botella o peticionaria) y nos solicita la revocación de la "Resolución" emitida el 13 de enero de 2025[1] por el Tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante, TPI o foro primario). Mediante el referido dictamen el foro primario declaró No Ha Lugar una "Moción en Solicitud de Eliminación de Alegaciones y Otros Extremos" presentada por la peticionaria.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, denegamos la expedición del auto de *Certiorari.*

**I.**

El 25 de agosto de 2021, la Sra. Juarbe I Botella presentó una "Demanda" sobre liquidación de comunidad de bienes contra su exesposa, la Señora Sandra Liamar Silva Ruiz (en lo sucesivo,

---

[1] Notificada el 14 de enero de 2025.

Sra. Silva Ruiz o recurrida). Adujo que ambas permanecen como cotitulares de ciertos bienes inmuebles, a pesar de la peticionaria poseer un crédito sobre el 100% de la titularidad de éstos por ser quien sufragó la totalidad de los gastos, y ante la inaplicabilidad de las normas concernientes a una sociedad legal de gananciales por estos bienes ser adquiridos previo a la vigencia del matrimonio. Alegó, además, que la Sra. Silva Ruiz sustrajo, sin su conocimiento, numerosas prendas de una caja de seguridad ubicada en una institución bancaria, valoradas en no menos de $350,000.00, por lo que solicitó la devolución de éstas.

Tras varios trámites procesales impertinentes a la controversia ante nuestra consideración, el 24 de enero de 2024, la peticionaria presentó una "Moción en Solicitud de Eliminación de Alegaciones y Otros Extremos". Arguyó que, a más de dos años de su radicación, el caso continúa secuestrado por la inacción y entorpecimiento procesal de la recurrida, quien se ha negado a cumplir con el descubrimiento de prueba y varias órdenes judiciales, y contra quien obran varias sanciones económicas. Por lo anterior, solicitó la sanción de eliminación de alegaciones, dado que, según surge de una "Minuta" correspondiente a una conferencia sobre el estado de los procedimientos del 4 de diciembre de 2023, el TPI apercibió en la parte dispositiva de la referida "Minuta" que el incumplimiento por la Sra. Silva Ruiz con el descubrimiento de prueba acarrearía la eliminación de sus alegaciones. Ello, luego de que en la propia vista se solicitara idéntica sanción y ésta fuera declarada sin lugar.

Ese mismo día, entiéndase, el 24 de enero de 2024, el foro primario emitió una "Orden" en la cual otorgó a la Sra. Silva Ruiz 15 días para mostrar causa por lo cual el remedio solicitado no debía ser concedido. Ante dichos argumentos, la recurrida presentó varias mociones con el propósito de evidenciar el

cumplimiento parcial con el descubrimiento de prueba y órdenes del TPI, que incluyeron: 1) un acta notarial acreditando la incomparecencia de la peticionaria a la apertura inspección de la caja de seguridad, según fue dictaminado previamente por el foro primario; 2) moción sometiendo certificaciones registrales de las propiedades inmuebles; 3) moción para informar cumplimiento en hacerse disponible para una toma de deposición que luego fue cancelada por la peticionaria.

Posteriormente, la recurrida presentó el 8 de febrero de 2024 una "Moción en Cumplimiento de Orden sobre Mostrar Causa" en la cual arguyó que, la solicitud de eliminación de alegaciones era un intento de la peticionaria de justificar sus propios incumplimientos a las órdenes del Tribunal, entiéndase la suspensión de la deposición y su incomparecencia a la apertura de la caja de seguridad. Asimismo, suplicó la recurrida que se denegara el drástico remedio de eliminar alegaciones, máxime cuando los incumplimientos imputados fueron atribuidos a su representación legal, quien cesó su participación en el pleito a finales del 2023.

El 12 de febrero de 2024, la peticionaria presentó una "Reconsideración a Sanciones y en Solicitud de Vista Urgente para que se Atienda Eliminación de las Alegaciones según Dispuesto por este Tribunal desde el 4 de diciembre de 2023 de que así lo Haría". En lo pertinente, subrayó que, en la referida "Minuta" el TPI había apercibido a la recurrida que, de incumplir con la fecha límite de 20 de diciembre de 2023 para culminar el descubrimiento de prueba, se le eliminarían las alegaciones. En consecuencia, la peticionaria reiteró su solicitud de eliminación de alegaciones ante, a lo que a su entender era, una clara inobservancia con la fecha límite pautada por el foro.

El 26 de febrero de 2024, el TPI autorizó la renuncia de la representación legal de la recurrida y puntualizó que el calendario de descubrimiento de prueba permanecería inalterado

Tras varios incidentes procesales, el 14 de enero de 2025, el TPI emitió y notificó una "Resolución" atendiendo la "Moción en Solicitud de Eliminación de Alegaciones y Otros Extremos", presentada el 24 de enero de 2024. En ella, dispuso que, en el ejercicio de analizar la sanción solicitada, examinaría la conducta de la recurrida a partir del 4 de diciembre de 2023 hasta la presentación de la solicitud de la sanción, ya que lo determinado por el foro el pasado 4 de diciembre de 2023 —y recogido en la "Minuta" de la misma fecha— constituía la ley del caso, toda vez que la Sra. Juarbe I Botella no recurrió de la denegatoria que en esa ocasión recibió ante su solicitud.

Ya establecido el periodo a considerar, el TPI concluyó que, no existía un incumplimiento de tal magnitud que ameritara que se sancionara a la Sra. Silva Ruiz con la fatal consecuencia de eliminar sus alegaciones. Enfatizó el foro primario que, tal sanción solo procede en casos tan extremos donde no haya duda de la irresponsabilidad, contumacia o desinterés de la parte, conducta que el TPI no identificó en el expediente. Al contrario, el foro primario responsabilizó a la representación legal de la recurrida —la cual fue reemplazada— por los atrasos en el caso. No obstante, finalizó su dictamen ofreciendo otra advertencia. Esta vez, apercibió a la Sra. Silva Ruiz que viene obligada a cumplir con las órdenes del Tribunal de manera oportuna y sin pretextos, y que no colocarse en disposición de agilizar el proceso obligaría al foro a, en efecto, proceder con la severa sanción de la eliminación de sus alegaciones.

Insatisfecha con el dictamen, la peticionaria presentó el 22 de enero de 2025 una "Solicitud de Reconsideración y Solicitud de

Determinaciones de Hechos Adicionales", la cual fue declarada No Ha Lugar mediante "Resolución Interlocutoria" emitida el 13 de febrero de 2025. Inconforme aun, recurre ante este foro apelativo intermedio mediante recurso de *Certiorari* y levanta los siguientes señalamientos de error:

> *Erró el TPI y abusó de su discreción al declarar No Ha Lugar la Solicitud de Reconsideración, sosteniendo así la aplicación de la doctrina de la "Ley del Caso" a una determinación hecha en corte abierta declarando No Ha Lugar una solicitud de apercibimiento de eliminación de alegaciones hecho, también en corte abierta, ante un asunto de calendarización de procedimientos.*

> *Erró el TPI y abusó de su discreción al declarar No Ha Lugar la Solicitud de Reconsideración y desentenderse de la totalidad del tracto procesal del caso al momento de evaluar una solicitud de eliminación de las alegaciones.*

> *Erró el TPI y abusó de su discreción al declarar No Ha Lugar la solicitud de determinaciones de hechos adicionales que surgen de las entradas del expediente y constituyen hechos de fácil corroboración y no sujetos a interpretación.*

La Sra. Silva Ruiz presentó su "Memorando en Oposición a Expedición del Auto de Certiorari" el 31 de marzo de 2025. Con el beneficio de ambas comparecencias, procedemos a exponer el marco teórico pertinente a la controversia ante nuestra consideración.

## II.

### A.

El recurso de *Certiorari* es el mecanismo procesal utilizado para revisar aquellas resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, como norma general, dicho recurso solo será expedido por este Tribunal de Apelaciones en dos instancias, a saber: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

No obstante lo anterior, y a modo de excepción, este foro apelativo intermedio podrá revisar órdenes o resoluciones interlocutorias dictadas por el foro primario cuando se recurra de lo siguiente: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia; y (5) en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Por su parte, nuestro Alto Foro ha expresado que, el auto de *Certiorari* constituye un vehículo procesal discrecional que permite a un Tribunal de mayor jerarquía revisar las determinaciones de un Tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Si bien el auto de *Certiorari* es un vehículo procesal extraordinario de carácter discrecional, al atender el recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019).

Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
>
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*

*(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

**B.**

En otra vertiente, los Tribunales están obligados a desalentar la práctica de falta de diligencia y de incumplimiento con sus órdenes mediante su efectiva, pronta y oportuna intervención. *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 298 (2012); *Dávila v. Hosp. San Miguel, Inc.,* 117 DPR 807, 814-815 (1986). Además, tienen el poder discrecional, conferido por las Reglas de Procedimiento Civil de desestimar una demanda o eliminar las alegaciones de una parte. No obstante, esta sanción debe prevalecer únicamente en situaciones extremas en las que sea clara e inequívoca la desatención y abandono total de la parte con interés. *Mejías et al. v. Carrasquillo et al., supra*; *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217, 222-223 (2001).

A esos efectos, tanto la Regla 34.3 como la Regla 39.2(a) de Procedimiento Civil, están diseñadas para acelerar los trámites judiciales. Éstas sirven como mecanismo para evitar la dejadez por parte del demandante en la tramitación de su causa de acción y, en consecuencia, contribuyen a agilizar el proceso judicial. En particular, la Regla 34.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.3, provee al Tribunal discreción para sancionar la negativa a

cumplir un mandato judicial que ordena descubrir prueba.  En lo pertinente, la referida Regla dispone:

> *Si una parte ... deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba, incluyendo una orden bajo las Reglas 32 y 34.2, el Tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas; entre ellas las siguientes:*
>
> [...]
>
> *(3) Una orden para eliminar las alegaciones o parte de ellas, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, o para desestimar el pleito o procedimiento o cualquier parte de ellos, o para dictar una sentencia en rebeldía contra la parte que incumpla.*

Por su parte, la Regla 39.2(a) de Procedimiento Civil, *supra*, permite al Tribunal, *motu proprio* o a petición de parte, decretar la desestimación de un pleito o de cualquier reclamación si el demandante dejare de cumplir con las Reglas de Procedimiento Civil o con cualquier orden del Tribunal. Dicha Regla 39.2(a) establece lo siguiente:

> *Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el Tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder.  Si el abogado o abogada de la parte no responde a tal apercibimiento, el Tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el Tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El Tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.*

Ahora bien, esta norma procesal debe ser evaluada desde la óptica reconocida en nuestra jurisdicción relacionada con la arraigada política pública de que los casos sean resueltos en sus méritos.  El deber fundamental de los Tribunales es interpretar la ley para impartir justicia.  *Coll v. Picó*, 82 DPR 27, 38 (1960). En

ese sentido, no se puede perder de perspectiva que las Reglas de Procedimiento Civil se crearon para facilitar la consecución de la justicia, por lo que aplicarlas de otra forma sería un contrasentido. *Parrilla v. Rodríguez*, 163 DPR 263, 274 (2004); *Millán v. Caribe Motors Corp.*, 83 DPR 494, 509 (1961). Por tanto, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones procederá después que el Tribunal haya apercibido a la parte de la situación y se le haya concedido la oportunidad para responder. *Mun. de Arecibo v. Almac. Yakima*, *supra* a las págs., 222-223. Luego que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el Tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1051 (1993).

De modo que, subsiste en nuestro ordenamiento procesal civil la imposición de sanciones severas para aquellos casos extremos en que no existe duda alguna de la irresponsabilidad o contumacia de la parte contra quien se tomen medidas drásticas, y en los que ha quedado al descubierto el desinterés y el abandono de la parte de su caso. *Arce v. Club Gallístico de San Juan*, 105 DPR 305, 307-308 (1976); *Acevedo v. Compañía Telefónica de P.R.*, 102 DPR 787 (1974). En esencia, cuando alguna parte deja de cumplir con las Reglas de Procedimiento Civil o con cualquier orden del Tribunal, éste podrá decretar, a iniciativa propia o solicitud de parte, la desestimación del pleito o la eliminación de las alegaciones. Una vez se plantea ante el Tribunal de Instancia una situación que amerite la imposición de sanciones, primeramente, se debe amonestar a la parte. Si la acción disciplinaria no produce frutos positivos, procederá la desestimación de la demanda o la eliminación de las alegaciones, luego de que la parte haya sido debidamente informada y

apercibida de las consecuencias que puede acarrear el incumplimiento. *Mejías et al. v. Carrasquillo et al., supra,* a las págs. 297-298.

Es de suma importancia reiterar que el fin de las órdenes y reglas procesales es viabilizar la solución de conflictos, en lo absoluto obstaculizar el trámite. *Pueblo v. Miranda Santiago*, 130 DPR 507, 514 (1992). El Tribunal Supremo de Puerto Rico ha puntualizado que el ejercicio discrecional de sancionar se utiliza para velar que los casos se ventilen sin demora y salvaguardar el derecho que le asiste a las partes. *Mun. de Arecibo v. Almac. Yakima, supra*, a la pág. 223. Los Tribunales están obligados a desalentar la práctica de falta de diligencia y de incumplimiento con sus órdenes mediante su efectiva, pronta y oportuna intervención. *Mejías et al. v. Carrasquillo et al., supra*, a la pág. 298. Además, tienen el poder discrecional, según las Reglas de Procedimiento Civil, *supra*, de desestimar una demanda o eliminar las alegaciones de una parte. No obstante, esa determinación se debe ejercer juiciosa y apropiadamente. *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982).

**III.**

Según podemos apreciar del tracto procesal reseñado, la peticionaria acude ante este Tribunal a los fines de que revoquemos la "Resolución" dictada el 14 de enero de 2025 en la cual se declaró No Ha Lugar la "Moción en Solicitud de Eliminación de Alegaciones y Otros Extremos". En esencia, la parte peticionaria aduce que el TPI aplicó incorrectamente la doctrina de la ley del caso, ya que falló en considerar que la denegatoria a la solicitud de eliminación de alegaciones no constituyó una determinación en los méritos, toda vez que la solicitud de la peticionaria fue el apercibimiento de la sanción, y no su aplicación. Añadió que, la determinación del TPI conllevaría un contrasentido

procesal dado que la parte dispositiva de la "Minuta" contiene un apercibimiento a la recurrida sobre la eliminación de las alegaciones, considerando sus numerosas inobservancias al proceso judicial. En cuanto a las determinaciones de hechos adicionales, la Sra. Juarbe I Botella sostuvo que el dictamen primario se aleja de las instancias del expediente judicial, por lo que la incorporación de las determinaciones de hechos adicionales propuestas hubiese colocado al TPI en posición de declarar con lugar la sanción.

En su escrito en oposición, la Sra. Silva Ruiz arguyó que, la Sra. Juarbe I Botella se equivoca en aseverar que la determinación tomada el 4 de diciembre de 2023 no fue en los méritos. Es la postura de la recurrida que sí es de aplicación la doctrina de la ley del caso por cuanto, aunque se desprende de la "Minuta" que una abogada de la peticionaria solicitó el apercibimiento de la eliminación de alegaciones, otro abogado solicitó la eliminación propiamente, y ambas solicitudes fueron declaradas sin lugar. A tenor, sostiene la Sra. Silva Ruiz que, al determinar que el dictamen del 4 de diciembre de 2023 constituye una adjudicación en los méritos y, en consecuencia, la ley del caso actuó adecuadamente el TPI al considerar la conducta de la recurrida posterior a dicha fecha, y al decretar que no se justifica la sanción extrema de eliminación de alegaciones. Añadió que, ese periodo de tiempo evidencia que la recurrida se aseguró de realizar los esfuerzos y medidas correctivas en avance de su defensa. Finalmente, la recurrida señaló que la Sra. Juarbe I Botella falló en su apreciación del expediente judicial al proponer como hechos adicionales un recuento incorrecto, incompleto, impreciso y acomodaticio de los hechos.

Según fue reseñado en el resumen del tracto procesal, el foro primario identificó lo dictaminado en la vista del 4 de diciembre de

2023 como la ley del caso dado que consideró la denegatoria del petitorio como una adjudicación en los méritos, en consecuencia, solo consideró la conducta de la Sra. Silva Ruiz posterior a la referida fecha.

En el ejercicio de su discreción, el TPI consideró que nada en el expediente posterior al 4 de diciembre de 2023 justificaba la eliminación de las alegaciones, dado que dicha sanción solo procede cuando una parte se caracteriza por su irresponsabilidad, contumacia o desinterés en la tramitación de su caso.

Así las cosas, nos parece razonable la determinación del foro primario. Nada en el expediente apelativo demuestra que el foro primario haya actuado con prejuicio, parcialidad, error manifiesto o abuso de su discreción, por lo que su dictamen merece deferencia. Como bien señalamos en el acápite anterior, imponer una sanción tan drástica como la eliminación de alegaciones —lo cual acarrearía la desestimación del pleito— solo procede cuando el Tribunal tiene certeza de que existe una clara e inequívoca desatención y abandono de la parte. El foro primario, sopesando el principio de política judicial de que los casos se ventilen en sus méritos, con la garantía de que los pleitos sean resueltos de manera rápida y económica, estimó que, en el caso de marras, lo procedente era la continuación de los procedimientos para que la Sra. Silva Ruiz pudiera tener su día en corte, aunque tomó las medidas suficientes para apercibirle sobre la responsabilidad y diligencia que debía ejercer en el futuro.

En consecuencia, denegamos la expedición del recurso por entender que no cumple con ninguno de los criterios de la Regla 40 de nuestro Reglamento, *supra.*

**IV.**

Por los fundamentos expuestos, denegamos el auto de *certiorari* solicitado por la señora María Eulalia Juarbe I Botella.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones