Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ANGEL E. DÍAZ SERRANO<br><br>Parte Apelante<br><br>v.<br><br>ANNA KARERINA JARERO GÓMEZ<br><br>Parte Apelada | TA2025AP00725 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso número: CG2024CV00411<br><br>Sobre: DIVISIÓN SOBRE COMUNIDAD DE BIENES |

Panel integrado por su presidenta, la jueza Rivera Marchand, la jueza Mateu Meléndez, la jueza Boria Vizcarrondo y el juez Robles Adorno.

Robles Adorno, Juez Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 10 de marzo de 2026.

El 30 de diciembre de 2025, el señor Ángel E. Díaz Serrano (en adelante, señor Díaz Serrano o apelante) presentó ante nos un recurso de *Apelación Civil* en el que solicitó que revoquemos la *Sentencia de Desestimación* emitida el 17 de noviembre de 2025, notificada el 20 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro primario).[1]

En el aludido dictamen, el TPI desestimó, sin perjuicio, el pleito, ante el incumplimiento del apelante y su excónyuge, la señora Anna Karerina Jarero Gómez (la señora Jarero Gómez o la apelada) para presentar el escrito que estipulaba el acuerdo alcanzado entre la comunidad de bienes post ganancial, dentro del término improrrogable de diez (10) días, concedido por el *foro a quo*.

Ante la incomparecencia de la apelada, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla

---

[1] Entrada Núm. 54 del caso CG2024CV00411 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR __ (2025).

Consecuentemente, procederemos a resolver el caso de autos sin la comparecencia de la señora Jarrero Gómez.

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia de Desestimación* apelada.

**I.**

El caso de epígrafe tiene su inicio el 8 de febrero de 2024, cuando el apelante instó una *Demanda* en la que solicitó la disolución de la comunidad de bienes post ganancial, compuesta por el señor Díaz Serrano y la señora Jarero Gómez.[2] En la *Demanda*, el apelante identificó los bienes, activos y pasivos que componen la comunidad de bienes post ganancial. Ello, en aras de solicitar que el foro primario lleve a cabo un inventario de los bienes que componen la comunidad con tal de poder dividir y adjudicar los bienes de la comunidad de bienes post ganancial.

El 10 de junio de 2024, la apelada, presentó ante el foro primario la *Contestación a Demanda y Reconvención* en la que alegó que el señor Diaz Serrano ha mantenido el control de los bienes que componen la comunidad de bienes post gananciales.[3] Asimismo, negó, en su mayoría, las alegaciones contenidas en la *Demanda*. Por otro lado, en la *Reconvención*, la apelada solicitó la liquidación de la comunidad de bienes post ganancial y que el foro primario le conceda los créditos que ostenta en su favor.

Tras diversos trámites procesales, el 4 de noviembre de 2025, fue celebrada, de forma presencial, la *Conferencia con Antelación a Juicio y Vista Transaccional*.[4] Surge de la *Minuta* de la referida vista que, no compareció ninguna de las partes que componen la causa

---

[2] Entrada Núm. 1 del caso CG2024CV00411 en el SUMAC.
[3] Entrada Núm. 13 del caso CG2024CV00411 en el SUMAC.
[4] Entrada Núm. 53 del caso CG2024CV00411 en el SUMAC.

de acción, así como la representante legal del apelante, la Lcda. Tania E. Babilonia Gerber (la Lcda. Babilonia Gerber). El foro primario indicó que, la Lcda. Babilonia Gerber notificó mediante vía telefónica a la Secretaría del TPI, que las partes llegaron a un acuerdo que pondría fin a todas las controversias en el caso de autos. Sin embargo, resaltó que, la Lcda. Babilonia Gerber no compareció ante un quebranto de salud que sufrió un familiar.

Ante ello, el foro primario le concedió a las partes, un término improrrogable de diez (10) días para presentar un escrito en el que constara el acuerdo estipulado entre las partes. A su vez, el TPI expresó que, de expirar el término concedido, sin que las partes presentaran el acuerdo alcanzado, se desestimaría el pleito, sin perjuicio.

Así las cosas, el 17 de noviembre de 2025, notificada el 20 de noviembre de 2025, el TPI emitió una *Sentencia de desestimación* en la que determinó que, las partes no presentaron el acuerdo en el término concedido en la *Conferencia con Antelación a Juicio y Vista Transaccional.*[5] Consecuentemente, el foro primario ordenó la desestimación, sin perjuicio, del caso.

Insatisfecho, el 3 de diciembre de 2025, el señor Díaz Serrano radicó una *Moción en solicitud de reconsideración* en la que esbozó los trámites que llevó a cabo este y su representante legal en aras de presentar el acuerdo de transacción ante el *foro a quo.*[6] En esa línea, expuso las fechas en que le cursaba información a la apelada, los documentos compilados para lograr el inventario y las comunicaciones que tuvieron las partes con tal de lograr un acuerdo.

---

[5] Entrada Núm. 54 del caso CG2024CV00411 en el SUMAC.
[6] Entrada Núm. 57 del caso CG2024CV00411 en el SUMAC.

El 4 de diciembre de 2025, el TPI emitió y notificó una *Resolución sobre Reconsideración* en la que declaró No Ha Lugar la *Moción en solicitud de reconsideración.*[7]

Inconforme, el 30 de diciembre de 2025, el apelante compareció ante nos mediante un recurso de *Apelación* en el que formuló los siguientes señalamientos de error:

> Primer error: Erró el TPI y abusó de su discreción al dictar *Sentencia de Desestimación* de un caso activo, en el cual las partes habían alcanzado un acuerdo que ponía fin a todas las controversias; fundamentando dicha determinación exclusivamente en el alegado incumplimiento con la minuta del 4 de noviembre de 2025, notificada el 5 de noviembre de 2025, mediante la cual se concedió un término sumamente limitado de diez (10) días para informar el acuerdo.

> Segundo error: Erró el TPI al declarar no ha lugar la moción de *Reconsideración* a pesar de que surge de la hoja de notificación que la minuta no se le notificó a las partes, contrario a la propia orden del tribunal contenida en la minuta del 4 de noviembre de 2025.

De conformidad con la Regla 7(B)(5) de nuestro Reglamento, *supra,* procederemos a disponer del recurso de autos, dado que dicha regla nos permite prescindir de los escritos, tal como lo es el caso de epígrafe.

**II.**

**A.**

La Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2, permite que el TPI desestime un caso si la parte demandante incumple con cualquier orden del tribunal tras ser debidamente notificada. Esta facultad debe ejercerse con mesura dado que la desestimación priva al demandante de su día en corte para hacer valer las reclamaciones que tenga contra otros. *VS PR, LLC v. Drift Wind, Inc.*, 207 DPR 253, 264 (2021).

El Tribunal Supremo de Puerto Rico también enfatiza que la sanción de eliminar alegaciones bajo la Regla 39.2 debe reservarse para situaciones extremas donde exista una desatención clara e

---

[7] Entrada Núm. 58 del caso CG2024CV00411 en el SUMAC.

inequívoca de la parte interesada. Además, los tribunales tienen la obligación de desalentar la falta de diligencia mediante intervenciones oportunas y efectivas, ejerciendo su discreción de manera juiciosa y apropiada. *Mejías Montalvo v. Carrasquillo Martínez*, 185 DPR 188, 298 (2020). A esos efectos, la citada Regla establece lo siguiente:

> Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, la severa *sanción de la desestimación* de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya **apercibido al abogado** o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a **imponer sanciones al abogado** o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la **parte haya sido debidamente informada** o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de **tiempo razonable** para corregir la situación que **en ningún caso será menor de treinta (30) días**, a menos que las circunstancias del caso justifiquen que se reduzca el término. 32 LPRA Ap. V., R. 39.2.
> (Énfasis suplido).

De la citada disposición surge que una vez se plantea ante el Tribunal de Instancia una situación que amerite la imposición de sanciones, este debe primeramente amonestar al abogado de la parte. Si la acción disciplinaria no produce frutos positivos, procederá la desestimación de la demanda o la eliminación de las alegaciones, luego de que la parte haya sido debidamente informada y apercibida de las consecuencias que puede acarrear el incumplimiento. *Mejías Montalvo v. Carrasquillo Martínez, supra,* pág. 297; *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 222 (2001); *Dávila v. Hosp. San Miguel, Inc.* 117 DPR 807, 814-815 (1986).

En el caso *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689, 712 (2020) el Tribunal Supremo de Puerto Rico

enfatizó que, previo a la imposición de sanciones como la eliminación de alegaciones, los tribunales deben notificar a las partes de manera adecuada. El máximo foro judicial, razonó que, dicha notificación, tiene como propósito garantizar que las partes estén plenamente informadas sobre el incumplimiento de su representación legal y las consecuencias de dicho proceder. *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, *supra*, pág. 712. La notificación a un abogado que sea empleado de una parte no exime al tribunal de su deber de notificar directamente a la parte interesada, ya que esto podría vulnerar el debido proceso de ley. *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, *supra*, pág. 713.

En este contexto, el tribunal debe velar por la economía procesal que persigue descongestionar los pleitos que atrasan el calendario. *Sánchez Rodríguez v. Administración de Corrección*, 177 DPR 714, 721 (2009).

En *Arce v. Club,* 105 DPR 305, 308(1976), el Tribunal Supremo subrayó que las acciones u omisiones de los abogados deben ser objeto de escrutinio judicial y sanciones antes de aplicar la Regla 39.2. Además, destacó que, la aplicación de esta regla debe considerar las circunstancias particulares de cada caso, evitando decisiones drásticas sin una evaluación adecuada. *Arce v. Club*, supra, pág. 308. Si las partes han demostrado interés en el caso, incluso fuera del tribunal, como mediante transacciones extrajudiciales, esto puede ser un factor que pese en contra de la desestimación. *Arce v. Club, supra*, pág. 308.

**B.**

El Art. II, Sec. 7 de la Constitución de Puerto Rico (Const. ELA) prohíbe que cualquier persona sea privada de su libertad o propiedad sin un debido proceso de ley. Art. II, SEC. 7, Const. ELA. Art. II, Sec. 7, LPRA, Tomo I.

La dimensión procesal del debido proceso de ley en el contexto adjudicativo exige como mínimo: (1) la notificación adecuada del proceso; (2) el proceso ante un juez imparcial; (3) la oportunidad de ser oído; (4) el derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) el tener asistencia de un abogado, y (6) que la decisión se base en el expediente. [...] Por tal razón, es indispensable que la notificación sea adecuada a todas las partes. *PVH Motor, LLC* v. *Junta de Subastas de la Administración de Servicios Generales Peticionarios*, 209 DPR 122, 131 (2022); *Vázquez v. Santini*, 178 DPR 636, 643 (2010) ; *Garriga v. Mun. San Juan*, 176 DPR 182, 197 (2009). Por lo tanto, para que un tribunal pueda ejercer su autoridad con el fin de decidir sobre un asunto, "el método de notificación tiene que ofrecer una probabilidad razonable de informarle [al demandado] ... sobre la acción entablada en su contra, de forma tal que pueda comparecer a defenderse si así lo desea". *Natal v. Romero*, 206 DPR 465, 510 (2021).

En lo pertinente, la notificación de un dictamen judicial es un requisito con el que se debe cumplir de modo que las partes advengan en conocimiento sobre la decisión final que se ha tomado en su contra. *Plan Salud Unión v. Seaboard Sur. Co.,* 182 DPR 714, 722 (2011). Ello, tal como lo exige el debido proceso de ley. *Río Const. Corp. v. Mun. de Caguas,* 155 D.P.R. 394, 405 (2001)

**III.**

En su primer y segundo señalamiento de error, el apelante sostuvo que, el TPI erró y abusó de su discreción al dictar *Sentencia de Desestimación,* sin perjuicio, en un caso que se encontraba activo y en el cual las partes habían alcanzado un acuerdo que ponía fin a todas las controversias. Argumentó que, la determinación descansó exclusivamente en el alegado incumplimiento con la *Minuta* de la *Conferencia con Antelación a Juicio y Vista Transaccional* celebrada el 4 de noviembre de 2025, mediante la cual se le concedió un

término improrrogable de diez (10) días a las partes para que presentaran por escrito el acuerdo transaccional. Por otro lado, el señor Díaz Serrano alegó que, el TPI erró en no notificar a las partes la referida *Minuta*.

Por estar relacionados el primer y segundo señalamiento de error, procederemos a discutirlos en conjunto.

Conforme las normas jurídicas pormenorizadas, la Regla 39.2(a) de Procedimiento Civil, *supra*, autoriza la desestimación cuando la parte demandante incumple con las reglas o con una orden del tribunal, tras haber sido debidamente notificada. No obstante, dicha facultad debe ejercerse con cautela, pues priva a la parte de su día en corte. Al amparo de la citada regla y la jurisprudencia antes expuesta, en casos de primer incumplimiento el tribunal debe apercibir al abogado o abogada de la parte y conceder oportunidad para responder; de persistir la inacción, debe imponer sanciones y notificar directamente a la parte sobre la situación y sus posibles consecuencias. Además, debe otorgarse un término razonable para corregir el incumplimiento, que en ningún caso será menor de treinta (30) días, salvo que las circunstancias justifiquen su reducción. Asimismo, la desestimación es una sanción severa que debe reservarse para situaciones extremas y que, al aplicarla, el tribunal debe considerar las circunstancias particulares del caso.

Luego de un examen detallado del expediente, resolvemos que el TPI erró en desestimar, sin perjuicio, el pleito radicado por el apelante.

Surge de la *Minuta* que, las partes ni sus representantes legales comparecieron a la *Conferencia con Antelación a Juicio y Vista Transaccional*. No obstante, la representante legal del apelante le informó al foro primario que las partes habían llegado a un acuerdo que pondría fin a todas las controversias. Así pues, el foro

primario concedió un término improrrogable de diez (10) días para que las partes presentaran el correspondiente escrito correspondiente y advirtió que, de no recibir notificación dentro de dicho término, desestimaría la demanda, sin perjuicio. Sin embargo, transcurrido el término concedido, el foro primario le impuso al apelante la máxima sanción de desestimar, sin perjuicio, la causa de acción.

Ante este cuadro, resolvemos que, el TPI debió previo a desestimar la causa de acción, debió advertir a las partes sobre la posibilidad de desestimar el pleito y, concederle un término de treinta (30) días para que presentara el acuerdo en cuestión.[8] Es decir, el foro primario abusó de su discreción tras imponer como máxima sanción la desestimación, sin concederle una oportunidad a las partes para expresarse y justificar la dilación en presentar el acuerdo dentro del término concedido por el *foro a quo*. Atisbamos que, el TPI ostenta la potestad de conceder un término adicional y advertir a las partes sobre su incumplimiento previo a desestimar un pleito en aras de salvaguardar la economía procesal y el derecho de las partes a tener su día en corte. Además, destacamos que, el TPI debió cobrar las sanciones que impuso previo a ordenar la desestimación, sin perjuicio, del pleito. Consecuentemente, el foro primario debió advertir a la representación legal de las partes su incumplimiento y conceder un término de treinta (30) días, tal como lo estatuye la Regla 39.2 (a) de Procedimiento Civil, *supra*.

Por otro lado, en su tercer señalamiento de error, el señor Díaz Serrano adujo que, el foro primario erró en denegar la *Moción de reconsideración* pese a que las partes no fueron notificadas sobre la *Minuta* de la *Conferencia con Antelación a Juicio y Vista Transaccional*.

---

[8] Véase Regla 39.2 de Procedimiento Civil, *supra*.

A tenor con el marco jurídico expuesto, como parte del debido proceso de ley, en su vertiente procesal, uno de los requisitos es que las partes sean debidamente notificadas sobre los procesos iniciados en su contra. De igual forma, las partes deben ser debidamente notificadas sobre las resoluciones y dictámenes que emita un Tribunal. De lo contrario, socavaría el debido proceso de ley que ostentas las personas.

Como corolario de lo anterior, la *Minuta* en controversia no fue debidamente informada a las partes, sino únicamente a su representación, quien no fue amonestada previo a dictar la *Sentencia de Desestimación* como así lo exigen las Reglas de Procedimiento Civil. Bajo este contexto, la notificación a las partes no fue adecuada, por lo que la *Moción de Reconsideración* debió ser notificada a las partes como parte del debido proceso de ley que salvaguarda los derechos de las partes involucradas en el pleito. Además, dicho argumento fue planteado en la *Moción de reconsideración* por lo que, en aras de fomentar la economía procesal, el foro primario tuvo oportunidad de reconsiderar su dictamen y, salvaguardar el derecho de las partes a presentar el acuerdo tras advenir en conocimiento sobre el contenido de la *Minuta* de la *Conferencia con Antelación a Juicio y Vista Transaccional.* Por tanto, el foro primario erró en no notificarle a las partes la *Minuta* que emitió.

A la luz de lo anterior, y considerando que las partes habían informado la existencia de un acuerdo que ponía fin a las controversias, así como el término improrrogable de diez (10) días concedido por el foro primario, resolvemos que el TPI erró al desestimar, sin perjuicio, la *Demanda* de autos. Ello, sin haber observado el procedimiento dispuesto en la Regla 39.2(a), particularmente en cuanto al apercibimiento adecuado, la notificación correspondiente y la concesión de un término razonable

no menor de treinta (30) días, en ausencia de circunstancias que justificaran su reducción.

**IV.**

Por los fundamentos que anteceden, se revoca la *Sentencia* apelada y ordenamos la continuación de los procedimientos conforme lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo concurren sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones